**SHM LAW FIRM**
QIANWU YANG
3000 El Camino Real
Building 4, Suite 200
Palo Alto, CA 94306
Phone: (650) 613-9737
yang@shm.law

Attorney for Plaintiffs
Shenzhen Kelaisiman Trading Co., Ltd.,
Yongkang Tiange Technology Co., Ltd.,
Lishui Tianque New Energy Technology Co., Ltd.,
Yongkang Dilaka Technology Co., Ltd.,
Yongkang Health Freight Co., Ltd., and
Hangzhou Linghui Intelligent Technology Co., Ltd.

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, SOUTHERN DIVISION

| | |
|---|---|
| Shenzhen Kelaisiman Trading Co., Ltd., Yongkang Tiange Technology Co., Ltd., Lishui Tianque New Energy Technology Co., Ltd., Yongkang Dilaka Technology Co., Ltd., Yongkang Health Freight Co., Ltd., and Hangzhou Linghui Intelligent Technology Co., Ltd., <br><br>       Plaintiffs, <br><br>    v. <br><br>HYPER ICE, INC., and HYPERICE IP SUBCO LLC, <br><br>       Defendants. | CASE NO. : <br><br><br>**DECLARATORY JUDGMENT COMPLAINT** <br><br>**DEMAND FOR JURY TRIAL** <br><br>Trial Date:    None Set |

1

Plaintiffs Shenzhen Kelaisiman Trading Co., Ltd., Yongkang Tiange Technology Co., Ltd., Lishui Tianque New Energy Technology Co., Ltd., Yongkang Dilaka Technology Co., Ltd., Yongkang Health Freight Co., Ltd., and Hangzhou Linghui Intelligent Technology Co., Ltd. ("Plaintiffs"), hereby file this Amended Complaint against Defendants Hyper Ice, Inc. and Hyperice IP Subco, LLC (collectively, "HYPERICE"), and alleges as follows:

## NATURE OF THE ACTION

1.      This action arises under the Declaratory Judgment Act, 28 U.S.C. § 2201 et seq., and the United States Patent Act, 35 U.S.C. § 1 et seq. Plaintiffs seek declaratory judgments that U.S. Patent No. 11,938,082 ( "the '082 Patent") is not infringed by Plaintiffs' Accused Products. A true and correct copy of the '082 Patent is attached hereto as Exhibit 1. Additionally, Plaintiffs seek declaratory judgments that U.S. Patent No. 11,857,482 ("the '482 Patent") is not infringed by Plaintiffs' Accused Products. A true and correct copy of the '482 Patent is attached hereto as Exhibit 2.

2.      This case is also a civil action for unfair competition under Cal. Bus. & Prof. Code § 17200.

3.      Plaintiffs bring this action in view of the actual controversy created by HYPERICE under the '082 Patent and '482 Patent. HYPERICE has asserted a patent infringement claim against Plaintiffs' products with Amazon, causing Amazon to remove Plaintiffs' listings for those products on Amazon.com.

4.      HYPERICE's actions have caused Plaintiffs to lose sales on Amazon, their primary sales platform, and have harmed Plaintiffs' reputation and goodwill.

## PARTIES

5.      Shenzhen Kelaisiman Trading Co., Ltd. is a Chinese company, with a principal place of business at 608, No. 27, You Song Comprehensive Market, You

Song Community, Longhua Street, Longhua District, Shenzhen, China..

6.    Yongkang Tiange Technology Co., Ltd. is a Chinese company, with a principal place of business at Room 10, West Side, Second Floor, Building 2, No. 222 Meilong Road, Xicheng Street, Yongkang, Jinhua, Zhejiang, China.

7.    Lishui Tianque New Energy Technology Co., Ltd. is a Chinese company, with a principal place of business at Fifth Floor, Building 3, Xiaowei Park, Phase II, Hongshi Block, East Expansion Area, Lishui High-Tech Zone, Xinbi Street, Jinyun County, Lishui, Zhejiang, China.

8.    Yongkang Dilaka Technology Co., Ltd. is a Chinese company, with a principal place of business at South Side, Fourth Floor, Building 1, No. 17 Jinshan East Road, Economic Development Zone, Yongkang, Jinhua, Zhejiang, China.

9.    Yongkang Health Freight Co., Ltd. is a Chinese company, with a principal place of business at No. 199-28, Xueyuan North Road, Economic Development Zone, Yongkang, Jinhua, Zhejiang, China.

10.    Hangzhou Linghui Intelligent Technology Co., Ltd. is a Chinese company, with a principal place of business at Room 905-3, Building 1, Meilai International Center, Nanyuan Street, Yuhang District, Hangzhou City, Zhejiang Province, China.

11.    Upon information and belief, Hyper Ice, Inc. is a corporation organized under California law with its principal place of business at 525 Technology Drive, Suite 100, Irvine, CA 92618.

12.    Upon information and belief, Hyperice IP Subco, LLC is a limited liability company organized under Delaware law.

13.    Upon information and belief, Hyperice IP Subco, LLC is a wholly-owned subsidiary of Hyper Ice, Inc.

## JURISDICTION AND VENUE

14.    This action arises under the Declaratory Judgment Act, 28 U.S.C. §

DECLARATORY JUDGMENT COMPLAINT

2201, et seq., the United States Patent Act, 35 U.S.C. § 1, et seq., and the laws of the state of California. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 2201, 2202, 1331, and 1338(a) because an actual case or controversy currently exists between the Parties regarding the subject matter of this action, and the Court would have subject matter jurisdiction over this action if Defendants initiated suit for patent infringement.

15.    This court has subject matter over the state law claims asserted in this action pursuant to 28 U.S.C. § 1367(a) because they are so related to the declaratory judgment claims that they form part of the same case or controversy.

16.    The Court has personal jurisdiction over Hyper Ice, Inc. because, upon information and belief, Hyper Ice, Inc. resides in California and in this judicial district.

17.    The Court has personal jurisdiction over Hyperice IP Subco, LLC because, upon information and belief, Hyperice IP Subco, LLC is wholly owned by Hyper Ice, Inc. and functions purely as a holding company for patents acquired by Hyper Ice, Inc.

18.    Upon information and belief, Hyper Ice, Inc. and Hyperice IP Subco, LLC have filed multiple patent enforcement lawsuits in various jurisdictions as joint co-plaintiffs.

19.    Venue is proper in this Court under 28 U.S.C. § 1391(b)(1), because Hyper Ice, Inc. and Hyperice IP Subco, LLC both reside in this district as residency is defined in 28 U.S.C. § 1391(c)(2).

## THE PLAINTIFFS' ACCUSED PRODUCTS

20.    Plaintiff Shenzhen Kelaisiman Trading Co., Ltd. sells Massage Guns on Amazon under the storefront "shenzhenkelaisimanshangmaoyouxiangongsi," which has earned a lifetime rating of 4.8 out of 5 stars. The model of the Massage Guns sold by Shenzhen Kelaisiman Trading Co., Ltd. at issue is M68-7. The

corresponding Amazon Standard Identification Numbers ("ASINs") are B08TLWYKLS and B0BJDL4HJN.

21.    On or about June 11, 2024, Shenzhen Kelaisiman Trading Co., Ltd. received a notification from Amazon. See Exhibit 3. This notice informed Shenzhen Kelaisiman Trading Co., Ltd. that Amazon removed shenzhenkelaisimanshangmaoyouxiangongsi's listing, ASIN B08TLWYKLS and B0BJDL4HJN, because of the alleged infringement of the '082 Patent. The rights owner's name is HYPERICE and its email address is barnold@hyperice.com. *Id.*

22.    Plaintiff Yongkang Tiange Technology Co., Ltd. sells Massage Guns on Amazon under the storefront "APHERMA," which has earned a lifetime rating of 4.9 out of 5 stars. The model of the Massage Guns sold by Yongkang Tiange Technology Co., Ltd. at issue is X8. The corresponding ASINs are B0BG4HY4PX and B09P1DV7D8.

23.    On or about June 11, 2024, Yongkang Tiange Technology Co., Ltd. received a notification from Amazon. See Exhibit 4. This notice informed Yongkang Tiange Technology Co., Ltd. that Amazon removed APHERMA's listings, ASIN B0BG4HY4PX and B09P1DV7D8, because of the alleged infringement of the '082 Patent. The rights owner's name is HYPERICE and its email address is barnold@hyperice.com. *Id.*

24.    Plaintiff Lishui Tianque New Energy Technology Co., Ltd. sells Massage Guns on Amazon under the storefront "tianquexinnengyuan." The model of the Massage Guns sold by Lishui Tianque New Energy Technology Co., Ltd. at issue is X6. The corresponding ASINs are B0BFF5Y4F2 and B0BFF9N6QQ.

25.    On or about June 11, 2024, Lishui Tianque New Energy Technology Co., Ltd. received a notification from Amazon. See Exhibit 5. This notice informed Lishui Tianque New Energy Technology Co., Ltd. that Amazon removed tianquexinnengyuan's listings, ASIN B0BFF5Y4F2 and B0BFF9N6QQ, because of

the alleged infringement of the '082 Patent. The rights owner's name is HYPERICE and its email address is barnold@hyperice.com. *Id.*

26.    Plaintiff Yongkang Dilaka Technology Co., Ltd. sells Massage Guns on Amazon under the storefront "USAYURA," which has earned a lifetime rating of 4.9 out of 5 stars. The model of the Massage Guns sold by Yongkang Dilaka Technology Co., Ltd. at issue is X8. The corresponding ASINs are B0CGNPVTCZ and B0CGNNTN33.

27.    On or about June 11, 2024, Amazon removed USAYURA's listing, ASIN B0CGNPVTCZ and B0CGNNTN33 which belong to Plantiff Yongkang Dilaka Technology Co., Ltd., because of the alleged infringement of the '082 Patent.

28.    Plaintiff Yongkang Health Freight Co., Ltd. sells Massage Guns on Amazon under the storefront "JQX-US," which has earned a lifetime rating of 4.9 out of 5 stars. The model of the Massage Guns sold by Yongkang Health Freight Co., Ltd. at issue is M68-7. The corresponding ASINs are B0CGN8SYDQ and B0CGN8FM2T.

29.    Amazon removed JQX-US's listing, ASIN B0CGN8SYDQ and B0CGN8FM2T belong to Yongkang Health Freight Co., Ltd., because of the alleged infringement of the '082 Patent.

30.    Plaintiff Hangzhou Linghui Intelligent Technology Co., Ltd. sells Massage Guns on Amazon under the storefront "Lnhui," which has earned a lifetime rating of 4.9 out of 5 stars. The models of the Massage Guns sold by Hangzhou Linghui Intelligent Technology Co., Ltd. at issue are EM17 and EM13. The corresponding ASINs are B0BQ2YRWX8, B0BQ2YJY7H, B08MLB2B4H, B0BDWH4LQ2, B0CR7LPW4L, B0CTFV1T5Q and B0CTG678VS.

31.    On or about June 12, 2024, Hangzhou Linghui Intelligent Technology Co., Ltd. received several notifications from Amazon. See Exhibit 6. These notices informed Hangzhou Linghui Intelligent Technology Co., Ltd. that Amazon removed

DECLARATORY JUDGMENT COMPLAINT

Lnhui's listing, ASIN B0BQ2YRWX8, B0BQ2YJY7H, B08MLB2B4H, B0BDWH4LQ2, B0CR7LPW4L, B0CTFV1T5Q and B0CTG678VS, because of the alleged infringement of the '082 Patent. The rights owner's name is HYPERICE and its email address is barnold@hyperice.com. *Id.*

32. The Amazon marketplace constitutes Plaintiffs' primary sales channel into the United States. To remain competitive in the United States market for Massage Guns, Plaintiffs need their products listed in the Amazon marketplace. Amazon has removed Plaintiffs' Massage Guns from the marketplace, preventing Plaintiffs from accessing their largest channel of trade because of Defendants' alleged infringement complaint to Amazon. Thus, Defendants' submission of Amazon infringement complaint has caused immediate harm to Plaintiffs.

## U.S. PATENT NO. 11,938,082

33. The face of the '082 Patent lists HYPERICE IP SUBCO, LLC, as the applicant and assignee, attached as Exhibit 1.

34. The '082 Patent is entitled "Massage Device Having Variable Stroke Length" and claims "A percussive massager comprising: [ ] drive mechanism that controls a predetermined stroke length of the piston; and quick-connect system [ ] is configured to have a proximal end of the first massaging head inserted into or removed from the bore while the piston reciprocates the predetermined stroke length at the first speed." See Exhibit 1, at 10:4-11.

35. The application for the '082 Patent was filed on November 20, 2023. The '082 Patent issued on March 26, 2024.

36. Claims 1 and 18 are the only independent claims of the '082 Patent.

37. Claim 1 requires:

> a drive mechanism that controls a predetermined stroke length of the piston

'082 Patent at column 10, lines 4-5.

38.    Claim 18 requires:

> providing a drive mechanism configured to control a predetermined stroke length of the piston

'082 Patent at column 11, lines 10-11.

39.    Accordingly, all claims in the '082 Patent require a drive mechanism that controls a predetermined stroke length of the piston.

40.    Claim 1 also requires:

> a quick-connect system comprising the distal end of the piston and a first massaging head, wherein the quick-connect system is configured to have a proximal end of the first massaging head inserted into or removed from the bore while the piston reciprocates the predetermined stroke length at the first speed.

'082 Patent at column 10, lines 6-11.

41.    Claim 18 also requires:

> providing a quick-connect system comprising the distal end of the piston and a first massaging head, wherein a proximal end of the first massaging head is configured to be inserted into or removed from the bore while the piston reciprocates the predetermined stroke length at the first speed.

'082 Patent at column 11, lines 12-17.

42.    Accordingly, all claims in the '082 Patent require a quick-connect system at a distal end of the piston and a first massaging head.

43.    The '082 Patent is a continuation of application No. 18/466,702, which is a continuation of U.S. Patent No. 11,857,482 ("the '482 Patent").

**U.S. PATENT NO. 11,857,482**

44.    The '482 Patent identifies HYPERICE IP SUBCO, LLC as the applicant and assignee, as shown in Exhibit 2.

45.    The '482 Patent is entitled "Massage Device Having Variable Stroke Length" and claims "A percussive massager comprising: [ ] drive mechanism that controls a predetermined stroke length of the piston; and quick-connect system [ ] is configured to secure the first massaging head to the percussive massager by a proximal end of the massaging head being slid into the bore while the piston reciprocates the predetermined stroke length at the first speed." See Exhibit 2, at 10:8-16.

46.    The application for the '482 Patent was filed on February 25, 2022. The '482 Patent issued on January 2, 2024.

47.    Claims 1, 32, 34 are the only independent claims of the '482 Patent.

48.    Claim 1 requires:

> a drive mechanism that controls a predetermined stroke length of the piston

'482 Patent at column 10, lines 8-9.

49.    Claim 32 requires:

> positioning a drive mechanism that controls a predetermined stroke length of the piston within the housing, wherein the quick release connector is configured to secure a first massaging head by sliding the first massaging head into the bore while the piston reciprocates the predetermined stroke length at the first speed.

'482 Patent at column 11, lines 54-59.

50.    Claim 34 requires:

> a drive mechanism between the motor and the piston that controls a predetermined stroke length of the piston; and

'482 Patent at column 12, lines 5-6.

51. Accordingly, all claims in the '482 Patent require a drive mechanism that controls a predetermined stroke length of the piston.

9

52.    Claim 1 also requires:

a quick-connect system comprising the distal end of the piston and a first massaging head, wherein the quick-connect system is configured to secure the first massaging head to the percussive massager by a proximal end of the massaging head being slid into the bore while the piston reciprocates the predetermined stroke length at the first speed.

'482 Patent at column 10, lines 10-16.

53.    Claim 32 also requires:

operatively connecting the motor to a proximal end of a piston, wherein the motor is configured to cause the piston to reciprocate at a first speed, wherein a distal end of the piston has a quick release connector, wherein the quick release connector has a bore having a substantially cylindrical structure; and

'482 Patent at column 11, lines 47-53.

54.    Claim 34 also requires:

a quick release connector at the distal end of the piston, wherein the quick release connector is configured to secure a first massaging head while the piston reciprocates a predetermined stroke length at the first speed, wherein the first massaging head has a substantially cylindrical pocket to receive the quick release connector.

'482 Patent at column 12, lines 8-14.

55.    Accordingly, all claims in the '482 Patent require a quick-connect system at a distal end of the piston and a first massaging head.

56.    Upon information and belief, sometime in March or April 2024, shortly after the '082 Patent issued, HYPERICE initiated an Amazon dispute resolution procedure under the '082 Patent against certain third-party (not Plaintiffs) massage products on Amazon.com.

10

57.    Upon information and belief, HYPERICE obtained a decision in the dispute resolution procedure that it was likely to prove infringement under the '082 Patent against the third-party massage products.

58.    Upon information and belief, as a result of the decision from the dispute resolution procedure, the third-party massage products were delisted from Amazon.

59.    Upon information and belief, because HYPERICE successfully delisted the third-party massage products, if HYPERICE submits an infringement report under the '082 Patent against any other massage products that are allegedly similar in relevant respects to the third-party delisted massage products, Amazon delists the product without prior notice to the accused seller.

60.    Upon information and belief, on or about June 11, 2024, HYPERICE submitted an infringement report under the '082 Patent against various Plaintiffs massage products ("the Accused Products").

61.    The Accused Products do not infringe the '082 Patent and '482 Patent because they do not include a drive mechanism that controls a predetermined stroke length of the piston, as required by all of the '082 claims and '482 claims.

62.    The Accused Products also do not infringe the '082 Patent and '482 Patent because they do not include a quick-connect system at a distal end of the piston and a first massaging head, as required by all of the and '482 claims.

63.    HYPERICE submitted an Amazon infringement report under the '082 Patent even though the accused Plaintiffs massage products do not infringe any claim of that patent.

64. Amazon removed the Plaintiffs' Accused Products without any prior notice, based on HYPERICE's infringement complaints.

65.    Under the Amazon Patent Evaluation Express Procedure ("APEX"), "If there is litigation pending on a patent subject to a proposed or pending

DECLARATORY JUDGMENT COMPLAINT

Evaluation, Amazon may decide not to initiate or suspend an Evaluation until the completion of that litigation." Amazon Patent Evaluation Express Procedure (V220321) at 1. In practice, Amazon will not initiate or suspend an Evaluation until the completion of that litigation.

66.     To circumvent that rule, HYPERICE has exploited the Amazon delisting procedure against Plaintiffs (and many other massage gun sellers) using the '082 Patent while pursuing district court patent litigation against many other massage gun competitors under the '482 Patent, which is patentably indistinct to the '082 Patent (both derive from the same "parent" patent application) and which contains the same key claim limitations.

67.     HYPERICE's complaints to Amazon have caused substantial damages and reputational harm to Plaintiffs.

68.     On June 28, 2024, Plaintiffs submitted a petition to Amazon requesting that Amazon acknowledge non-infringement and reinstate the Accused Products.

69.     On June 28, 2024, Amazon replied to Plaintiffs, acknowledging that the Accused Products do not infringe and deciding to reinstate the Accused Products within 3-5 days.

70.     On July 1, 2024, HYPERICE sent a warning email that HYPERICE intent to ask Amazon to take down plaintiffs' Accused Product and threatening to sue Plaintiffs if Amazon does not remove the listings after they reach out. HYPERICE also intend to obtain court orders instructing Amazon to permanently take down plaintiffs' Accused Products. See Exhibit 7.

## COUNT I

## (DECLARATORY JUDGMENT OF NON-INFRINGEMENT - '082 and '482 PATENTS)

71.     The allegations of each of the foregoing paragraphs are incorporated

DECLARATORY JUDGMENT COMPLAINT

by reference as if fully set forth herein.

72.    An actual, justiciable, and continuing controversy exists between the Plaintiffs and the Defendants concerning whether the Accused Products infringe the '082 and '482 Patents.

73.    The Accused Products do not infringe any claim of the '082 and '482 Patents.

74.    Plaintiffs seek a declaration that the Accused Products do not infringe the '082 or the '482 Patents.

## COUNT II

## (UNFAIR COMPETITION - CAL. BUS. & PROF. CODE §17200)

75.    The allegations of each of the foregoing paragraphs are incorporated by reference as if fully set forth herein.

76.    California statutory law prohibits acts of "unfair competition" including any "unlawful, unfair and fraudulent business act or practice." Cal. Bus. & Prof. Code § 17200.

77.    Hyper Ice, Inc., acting in concert with its wholly-owned subsidiary, Hyperice IP Subco, LLC, has acted unlawfully and unfairly by manipulating Amazon's IP enforcement procedures to procure, in effect, a wrongful injunction that prevents its competitors, Plaintiffs, from selling competing Accused Products on Amazon.com.

78.    Hyper Ice, Inc., acting in concert with its wholly-owned subsidiary, Hyperice IP Subco, LLC, has abused Amazon's IP enforcement procedures by asserting the '082 Patent to delist the Accused Products when it knows or reasonably should know that these products do not infringe any valid claim of the '082 Patent and '482 Patent.

79.    In effect, Hyper Ice, Inc., acting in concert with its wholly-owned subsidiary, Hyperice IP Subco, LLC, manipulated Amazon's IP enforcement

procedures to wrongfully interfere with Plaintiffs' lawful sales on Amazon.com, which is the primary market through which Plaintiffs sell the Accused Products.

80.    Upon information and belief, HYPERICE is aware that Amazon typically will not allow patent owners to engage in Amazon's IP enforcement procedures to enforce a patent that is the subject of a federal district court patent litigation.

81.    To circumvent this rule, HYPERICE obtained two patents from the U.S. Patent Office that are identical in all relevant respects, and launched a district court lawsuit with one (the '482 Patent) while asserting the second (the '082 Patent) in an expedited Amazon enforcement action in which it knew that Amazon would delist the Accused Products—effectively imposing a preliminary injunction against Plaintiffs' Amazon sales—without first offering Plaintiffs an opportunity to assert any defenses and without allowing Plaintiffs to show that the '082 Patent is invald.

82.    Plaintiffs have suffered substantial economic losses as well as reputational harms resulting from HYPERICE's actions.

83.    HYPERICE's actions constitute unfair competition under Cal. Bus. & Prof. Code § 17200.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray for the following relief:

A.    A judgment declaring that the manufacture, use, offer for sale, sale, and/or importation of Plaintiffs' products have not infringed and will not infringe, directly or indirectly, literally or under the doctrine of equivalents, any valid claim of the '082 and '482 patent;

B.    A permanent injunction enjoining HYPERICE from asserting the '082 Patent and '482 Patent against Plaintiffs' Accused Products;

C.    A declaration that this case is an "exceptional case" under 35 U.S.C. § 285 and that Plaintiffs are entitled to their attorney fees;

D.   An award to Plaintiffs for actual damages caused by HYPERICE's tortious actions under the California unfair competition statute;

E.   Such other and further relief as this Court may deem just and proper.

DATED:  July 3 , 2024                    **SHM LAW FIRM**

By:  */s/ Qianwu Yang*
_____

QIANWU YANG
3000 El Camino Real
Building 4, Suite 200
Palo Alto, CA 94306
Phone: (650) 613-9737
yang@shm.law

Attorney for Plaintiffs
Shenzhen Kelaisiman Trading Co., Ltd.,
Yongkang Tiange Technology Co., Ltd.,
Lishui Tianque New Energy Technology Co., Ltd.,
Yongkang Dilaka Technology Co., Ltd.,
Yongkang Health Freight Co., Ltd., and
Hangzhou Linghui Intelligent Technology Co., Ltd.

DECLARATORY JUDGMENT COMPLAINT

1
2
3
4
**DEMAND FOR JURY TRIAL**
5
6    Plaintiffs request a trial by jury under Rule 38 of the Federal Rules of
7 Civil Procedure of all issues that may be determined by a jury.
8
9
10 DATED:  July 3 , 2024          **SHM LAW FIRM**
11
                              By:  */s/ Qianwu Yang*
12                                  QIANWU YANG
                                    3000 El Camino Real
13                                  Building 4, Suite 200
                                    Palo Alto, CA 94306
14                                  Phone: (650) 613-9737
                                    yang@shm.law
15
16                                  Attorney for Plaintiffs
17                                  Shenzhen Kelaisiman Trading Co., Ltd.,
                                    Yongkang Tiange Technology Co., Ltd.,
18                                  Lishui Tianque New Energy Technology
                                    Co., Ltd.,
19
                                    Yongkang Dilaka Technology Co., Ltd.,
20                                  Yongkang Health Freight Co., Ltd., and
                                    Hangzhou Linghui Intelligent
21                                  Technology Co., Ltd.
22
23
24
25
26
27
28

16