QIANWU YANG  (Cal. Bar No. 336610)
yang@shm.law
**SHM LAW FIRM**
3000 El Camino Real
Building 4, Suite 200
Palo Alto, CA 94306
Telephone: (650) 613-9737

Attorney for Plaintiffs
Shenzhen Kelaisiman Trading Co., Ltd.,
Yongkang Tiange Technology Co., Ltd.,
Lishui Tianque New Energy Technology Co., Ltd.,
Yongkang Dilaka Technology Co., Ltd.,
Yongkang Health Freight Co., Ltd.,
Zhejiang Aerlang Technology Co., Ltd., and
Hangzhou Linghui Intelligent Technology Co., Ltd.

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, SOUTHERN DIVISION

| | |
|---|---|
| Shenzhen Kelaisiman Trading Co., Ltd., Yongkang Tiange Technology Co., Ltd., Lishui Tianque New Energy Technology Co., Ltd., Yongkang Dilaka Technology Co., Ltd., Yongkang Health Freight Co., Ltd.,  Zhejiang Aerlang Technology Co., Ltd., and Hangzhou Linghui Intelligent Technology Co., Ltd., | CASE NO. 8:24−cv−01472−JVS−ADS<br><br>**FIRST AMENDED COMPLAINT FOR DECLARATORY JUDGMENT AND OTHER RELIEF**<br><br>DEMAND FOR JURY TRIAL |
| Plaintiffs, | |
| v. | |
| HYPER ICE, INC., and HYPERICE IP SUBCO LLC, | |
| Defendants. | |

1   Plaintiffs Shenzhen Kelaisiman Trading Co., Ltd., Yongkang Tiange

2   Technology Co., Ltd., Lishui Tianque New Energy Technology Co., Ltd., Yongkang

3   Dilaka Technology Co., Ltd., Yongkang Health Freight Co., Ltd., Zhejiang Aerlang

4   Technology Co., Ltd., and Hangzhou Linghui Intelligent Technology Co., Ltd.

5   ("Plaintiffs"), hereby file this Amended Complaint against Defendants Hyper Ice,

6   Inc. and Hyperice IP Subco, LLC (collectively, "HYPERICE"), and allege as

7   follows:

8   ## **NATURE OF THE ACTION**

9   1.   This action arises under the Declaratory Judgment Act, 28 U.S.C. §

10   2201 *et seq.*, and the United States Patent Act, 35 U.S.C. § 1 *et seq.* Plaintiffs seek

11   declaratory judgments that U.S. Patent No. 11,938,082 ("the '082 Patent") and U.S.

12   Patent No. 11,857,482 ("the '482 Patent") are not infringed by Plaintiffs' products

13   ("Non-Infringing Products"). True and correct copies of the '082 Patent and

14   the '482 Patent are attached hereto as Exhibits 1 and 2, respectively.

15   2.   This action further arises under the laws of the state of California.

16   Plaintiffs seek an order remedying HYPERICE's tortious interference and unfair

17   competition.

18   ## **PARTIES**

19   3.   Shenzhen Kelaisiman Trading Co., Ltd. is a Chinese company, with a

20   principal place of business at 608, No. 27, You Song Comprehensive Market, You

Song Community, Longhua Street, Longhua District, Shenzhen, China.

4.    Yongkang Tiange Technology Co., Ltd. is a Chinese company, with a principal place of business at Room 10, West Side, Second Floor, Building 2, No. 222 Meilong Road, Xicheng Street, Yongkang, Jinhua, Zhejiang, China.

5.    Lishui Tianque New Energy Technology Co., Ltd. is a Chinese company, with a principal place of business at Fifth Floor, Building 3, Xiaowei Park, Phase II, Hongshi Block, East Expansion Area, Lishui High-Tech Zone, Xinbi Street, Jinyun County, Lishui, Zhejiang, China.

6.    Yongkang Dilaka Technology Co., Ltd. is a Chinese company, with a principal place of business at South Side, Fourth Floor, Building 1, No. 17 Jinshan East Road, Economic Development Zone, Yongkang, Jinhua, Zhejiang, China.

7.    Yongkang Health Freight Co., Ltd. is a Chinese company, with a principal place of business at No. 199-28, Xueyuan North Road, Economic Development Zone, Yongkang, Jinhua, Zhejiang, China.

8.    Zhejiang Aerlang Technology Co., Ltd. is a Chinese company, with a principal place of business at Room 301, No. 490, Jiulong North Road, Shilipai Village, Dongcheng Street, Yongkang, Jinhua, Zhejiang, China.

9.    Hangzhou Linghui Intelligent Technology Co., Ltd. is a Chinese company, with a principal place of business at Room 905-3, Building 1, Meilai International Center, Nanyuan Street, Yuhang District, Hangzhou, Zhejiang, China.

1    10.    Upon information and belief, Hyper Ice, Inc. is a corporation

2 organized under California law with its principal place of business at 525

3 Technology Drive, Suite 100, Irvine, CA 92618.

4    11.    Upon information and belief, Defendant HYPERICE is a Delaware

5 limited liability company with its principal place of business at 525 Technology

6 Drive, Suite 100, Irvine, California 92618.

7    12.    Upon information and belief, Hyperice IP Subco, LLC is a wholly-

8 owned subsidiary of Hyper Ice, Inc.

9                              **JURISDICTION AND VENUE**

10    13.    This action arises under the Declaratory Judgment Act, 28 U.S.C. §

11 2201, *et seq.*, the United States Patent Act, 35 U.S.C. § 1, *et seq.*, and the laws of the

12 state of California. This Court has subject matter jurisdiction over this action

13 pursuant to 28 U.S.C. §§ 2201, 2202, 1331, and 1338(a) because an actual case or

14 controversy currently exists between the Parties regarding the subject matter of this

15 action, and the Court would have subject matter jurisdiction over this action if

16 Defendants initiated suit for patent infringement.

17    14.    The Court has subject matter jurisdiction over the state law claims

18 asserted in this action pursuant to 28 U.S.C. § 1367(a) because they are so related to

19 the declaratory judgment claims that they form part of the same case or controversy.

20    15.    The Court has personal jurisdiction over Hyper Ice, Inc. based on

DECLARATORY JUDGMENT COMPLAINT

1   information and belief that Hyper Ice, Inc. is domiciled in California and within this

2   judicial district.

3       16.     The Court has personal jurisdiction over Hyperice IP Subco, LLC

4   based on information and belief that Hyperice IP Subco, LLC is a wholly-owned

5   subsidiary of Hyper Ice, Inc. and operates solely as a holding company for patents

6   acquired by Hyper Ice, Inc.

7       17.     Upon information and belief, Hyper Ice, Inc. and Hyperice IP Subco,

8   LLC have filed multiple patent enforcement lawsuits in various jurisdictions as joint

9   co-plaintiffs, including in this jurisdiction.

10      18.     Venue is proper in this Court under 28 U.S.C. § 1391(b)(1), because

11  Hyper Ice, Inc. and Hyperice IP Subco, LLC both reside in this district as residency

12  is defined in 28 U.S.C. § 1391(c)(2).

13                          **FACTUAL BACKGROUND**

14  **A.     The Plaintiffs' Non-Infringing Products.**

15      19.     Plaintiff Shenzhen Kelaisiman Trading Co., Ltd. sells massage guns

16  on Amazon under the storefront "shenzhenkelaisimanshangmaoyouxiangongsi."

17  The model of the massage guns sold by Shenzhen Kelaisiman Trading Co., Ltd. at

18  issue is M68-7. The corresponding Amazon Standard Identification Numbers

19  ("ASINs") are B08TLWYKLS and B0BJDL4HJN.

20      20.     On or about June 11, 2024, Shenzhen Kelaisiman Trading Co., Ltd.

1  received a notification from Amazon. This notice informed Shenzhen Kelaisiman

2  Trading Co., Ltd. that Amazon removed

3  shenzhenkelaisimanshangmaoyouxiangongsi's listing, ASINs B08TLWYKLS and

4  B0BJDL4HJN, because of the alleged infringement of the '082 Patent. The rights

5  owner's name is HYPERICE and its email address is barnold@hyperice.com. *See*

6  Exhibit 3.

7       21.    Plaintiff Yongkang Tiange Technology Co., Ltd. sells massage guns

8  on Amazon under the storefront "APHERMA." The model of the massage guns sold

9  by Yongkang Tiange Technology Co., Ltd. at issue is X8. The corresponding ASINs

10  are B0BG4HY4PX and B09P1DV7D8.

11       22.    On or about June 11, 2024, Yongkang Tiange Technology Co., Ltd.

12  received a notification from Amazon. This notice informed Yongkang Tiange

13  Technology Co., Ltd. that Amazon removed APHERMA's listings, ASINs

14  B0BG4HY4PX and B09P1DV7D8, because of the alleged infringement of the '082

15  Patent. The rights owner's name is HYPERICE and its email address is

16  barnold@hyperice.com. *See* Exhibit 4.

17       23.    Plaintiff Lishui Tianque New Energy Technology Co., Ltd. sells

18  massage guns on Amazon under the storefront "tianquexinnengyuan." The model of

19  the massage guns sold by Lishui Tianque New Energy Technology Co., Ltd. at issue

20  is X6. The corresponding ASINs are B0BFF5Y4F2 and B0BFF9N6QQ.

DECLARATORY JUDGMENT COMPLAINT

24.     On or about June 11, 2024, Lishui Tianque New Energy Technology Co., Ltd. received a notification from Amazon. This notice informed Lishui Tianque New Energy Technology Co., Ltd. that Amazon removed tianquexinnengyuan's listings, ASINs B0BFF5Y4F2 and B0BFF9N6QQ, because of the alleged infringement of the '082 Patent. The rights owner's name is HYPERICE and its email address is barnold@hyperice.com. *See* Exhibit 5.

25.     Plaintiff Yongkang Dilaka Technology Co., Ltd. sells massage guns on Amazon under the storefront "USAYURA." The model of the massage guns sold by Yongkang Dilaka Technology Co., Ltd. at issue is X8. The corresponding ASINs are B0CGNPVTCZ and B0CGNNTN33.

26.     On or about June 11, 2024, Amazon removed USAYURA's listings, ASINs B0CGNPVTCZ and B0CGNNTN33, which belong to Plaintiff Yongkang Dilaka Technology Co., Ltd., because of the alleged infringement of the '082 Patent.

27.     Plaintiff Yongkang Health Freight Co., Ltd. sells massage guns on Amazon under the storefront "JQX-US." The model of the massage guns sold by Yongkang Health Freight Co., Ltd. at issue is M68-7. The corresponding ASINs are B0CGN8SYDQ and B0CGN8FM2T.

28.     Amazon removed JQX-US's listings, ASINs B0CGN8SYDQ and B0CGN8FM2T, which belong to Yongkang Health Freight Co., Ltd., because of the alleged infringement of the '082 Patent.

29.     Plaintiff Zhejiang Aerlang Technology Co., Ltd. manufactures various models of massage guns, including the EM8, EM9, EM10, EM11, EM13, EM15, EM16, EM17, and EM18, which it sells to various retailers, including Hangzhou Linghui Intelligent Technology Co., Ltd.

30.     Plaintiff Hangzhou Linghui Intelligent Technology Co., Ltd. sells massage guns on Amazon under the storefront "Lnhui." The models of the massage guns sold by Hangzhou Linghui Intelligent Technology Co., Ltd. at issue are EM17 and EM13. The corresponding ASINs are B0BQ2YRWX8, B0BQ2YJY7H, B08MLB2B4H, B0BDWH4LQ2, B0CR7LPW4L, B0CTFV1T5Q and B0CTG678VS.

31.     On or about June 12, 2024, Hangzhou Linghui Intelligent Technology Co., Ltd. received several notifications from Amazon. These notices informed Hangzhou Linghui Intelligent Technology Co., Ltd. that Amazon removed Lnhui's listings, ASINs B0BQ2YRWX8, B0BQ2YJY7H, B08MLB2B4H, B0BDWH4LQ2, B0CR7LPW4L, B0CTFV1T5Q and B0CTG678VS, because of the alleged infringement of the '082 Patent. The rights owner's name is HYPERICE and its email address is barnold@hyperice.com. *See* Exhibit 6.

32.     The Amazon marketplace constitutes Plaintiffs' primary sales channel into the United States. To remain competitive in the United States market for massage guns, Plaintiffs need their products listed in the Amazon marketplace.

1   Amazon has removed Plaintiffs' massage guns from the marketplace, preventing

2   Plaintiffs from accessing their largest channel of trade because of Defendants'

3   alleged infringement complaint to Amazon. Thus, Defendants' submission of

4   Amazon infringement complaint has caused immediate and substantial harm to

5   Plaintiffs.

6   **B.      U.S. Patent NO. 11,938,082.**

7         33.      The '082 Patent lists HYPERICE IP SUBCO, LLC as the applicant

8   and assignee. *See* Exhibit 1,  the '082 Patent, cover page.

9         34.      The '082 Patent is entitled "Massage Device Having Variable Stroke

10  Length" and claims "A percussive massager comprising: [...] drive mechanism that

11  controls a predetermined stroke length of the piston; and quick-connect system [...]

12  is configured to have a proximal end of the first massaging head inserted into or

13  removed from the bore while the piston reciprocates the predetermined stroke length

14  at the first speed." *See* Exhibit 1 at 10:4-11.

15        35.      The application for the '082 Patent was filed on November 20, 2023.

16  The '082 Patent was issued on March 26, 2024.

17        36.      Claims 1 and 18 are the only independent claims of the '082 Patent.

18        37.      Claim 1 requires:

19              a drive mechanism that controls a predetermined stroke length of the

20              piston.

9

*See* Exhibit 1 at 10:4-5.

38.　　Claim 18 requires:

providing a drive mechanism configured to control a predetermined stroke length of the piston.

*See* Exhibit 1 at 11:10-11.

39.　　Accordingly, all claims in the '082 Patent require a drive mechanism that controls a predetermined stroke length of the piston.

40.　　Claim 1 also requires:

a quick-connect system comprising the distal end of the piston and a first massaging head, wherein the quick-connect system is configured to have a proximal end of the first massaging head inserted into or removed from the bore while the piston reciprocates the predetermined stroke length at the first speed.

*See* Exhibit 1 at 10:6-11.

41.　　Claim 18 also requires:

providing a quick-connect system comprising the distal end of the piston and a first massaging head, wherein a proximal end of the first massaging head is configured to be inserted into or removed from the bore while the piston reciprocates the predetermined stroke length at the first speed.

1   *See* Exhibit 1 at 11:12-17.

2       42.     Accordingly, all claims in the '082 Patent require a quick-connect

3   system at a distal end of the piston and a first massaging head.

4       43.     The '082 Patent is a continuation of application No. 18/466,702,

5   which is a continuation of U.S. Patent No. 11,857,482 ("the '482 Patent").

6       44.     In the Notice of Pre-AIA or AIA Status for the '082 Patent, issued

7   during the prosecution, the patent examiner stated that the claims of the '082 Patent

8   and the '482 Patent, "[a]lthough not identical, are not patentably distinct from each

9   other."

10  **C.     U.S. Patent NO. 11,857,482.**

11      45.     The '482 Patent lists HYPERICE IP SUBCO, LLC as the applicant

12  and assignee. *See* Exhibit 2,  the '482 Patent, cover page.

13      46.     The '482 Patent is entitled "Massage Device Having Variable Stroke

14  Length" and claims "A percussive massager comprising: [...] a drive mechanism that

15  controls a predetermined stroke length of the piston; and quick-connect system [...]

16  is configured to secure the first massaging head to the percussive massager by a

17  proximal end of the massaging head being slid into the bore while the piston

18  reciprocates the predetermined stroke length at the first speed." *See* Exhibit 2 at

19  10:8-16.

20      47.     The application for the '482 Patent was filed on February 25, 2022.

1    The '482 Patent was issued on January 2, 2024.

2         48.    Claims 1, 32 and 34 are the only independent claims of the '482
3    Patent.

4         49.    Claim 1 requires:

5              a drive mechanism that controls a predetermined stroke length of the
6              piston.

7    *See* '482 Patent at 10:8-9.

8         50.    Claim 32 requires:

9              positioning a drive mechanism that controls a predetermined stroke
10             length of the piston within the housing, wherein the quick release
11             connector is configured to secure a first massaging head by sliding
12             the first massaging head into the bore while the piston reciprocates
13             the predetermined stroke length at the first speed.

14   *See* '482 Patent at 11:54-59.

15        51.    Claim 34 requires:

16             a drive mechanism between the motor and the piston that controls a
17             predetermined stroke length of the piston; and

18   *See* '482 Patent at 12:5-6.

19        52.    Accordingly, all claims in the '482 Patent require a drive mechanism
20   that controls a predetermined stroke length of the piston.

DECLARATORY JUDGMENT COMPLAINT

53.     Claim 1 also requires:

a quick-connect system comprising the distal end of the piston and a first massaging head, wherein the quick-connect system is configured to secure the first massaging head to the percussive massager by a proximal end of the massaging head being slid into the bore while the piston reciprocates the predetermined stroke length at the first speed.

*See* '482 Patent at 10:10-16.

54.     Claim 32 also requires:

operatively connecting the motor to a proximal end of a piston, wherein the motor is configured to cause the piston to reciprocate at a first speed, wherein a distal end of the piston has a quick release connector, wherein the quick release connector has a bore having a substantially cylindrical structure; and

*See* '482 Patent at 11:47-53.

55.     Claim 34 also requires:

a quick release connector at the distal end of the piston, wherein the quick release connector is configured to secure a first massaging head while the piston reciprocates a predetermined stroke length at the first speed, wherein the first massaging head has a substantially cylindrical pocket to receive the quick release connector.

DECLARATORY JUDGMENT COMPLAINT

1 | *See* '482 Patent at 12:8-14.

2 | 56. Accordingly, all claims in the '482 Patent require a quick-connect

3 | system at a distal end of the piston and a first massaging head.

4 | **D. HYPERICE Interfered with Plaintiffs' Sales Via Amazon.com by**

5 | **Abusing the APEX and Erroneously Accusing Plaintiffs' Non-Infringing**

6 | **Products of Patent Infringement.**

7 | 57. Upon information and belief, in or about March or April 2024, shortly

8 | after the '082 Patent was issued, HYPERICE initiated an Amazon Patent Evaluation

9 | Express Procedure ("APEX") based on Claim 1 of the '082 Patent against certain

10 | third-party massage guns sellers (not Plaintiffs) on Amazon.com.

11 | 58. Upon information and belief, HYPERICE obtained a decision in the

12 | APEX that the patent owner, HYPERICE, was likely to prove that certain third-

13 | party massage guns infringes Claim 1 of the '082 Patent.

14 | 59. Upon information and belief, as a result of the decision from the

15 | APEX, the third-party massage guns were delisted from Amazon.

16 | 60. Upon information and belief, on or about June 11, 2024, based on the

17 | APEX decision, HYPERICE filed complaints with Amazon against Plaintiffs' Non-

18 | Infringing Products.

19 | 61. The Non-Infringing Products do not infringe the '082 Patent because,

20 | at least, they do not include a drive mechanism that controls a predetermined stroke

1     length of the piston, as required by all claims of the '082 Patent.

2         62.      The Non-Infringing Products do not infringe the '082 Patent because,

3 at least, they do not include a quick-connect system at a distal end of the piston and

4 a first massaging head, as required by all claims of the '082 Patent.

5         63.      As discussed above, because the '482 and '082 Patents are not

6 patentably distinct, Plaintiffs Non-Infringing Products do not infringe the '482

7 Patent for the same reasons they do not infringe the '082 Patent.

8         64.      On or about June 11, 2024, Amazon delisted the Plaintiffs' Non-

9 Infringing Products without any prior notice, based on HYPERICE's infringement

10 complaints.

11         65.      Under the Amazon Patent Evaluation Express Procedure ("APEX"),

12 "If there is litigation pending on a patent subject to a proposed or pending

13 Evaluation, Amazon may decide not to initiate or suspend an Evaluation until the

14 completion of that litigation." *See* Exhibit 8 at 1. In practice, Amazon will not

15 initiate or suspend an Evaluation until the completion of that litigation.

16         66.      HYPERICE abused APEX system against Plaintiffs using the '082

17 Patent to initiate the APEX while pursuing district court patent litigations against

18 many other massage gun competitors asserting the '482 Patent, which is not

19 patentably distinct from the '082 Patent (both derive from the same "parent" patent

20 application) and which contains the same key claim limitations.

DECLARATORY JUDGMENT COMPLAINT

67.     HYPERICE's complaints to Amazon have caused substantial damages and reputational harm to Plaintiffs. The delisting has already severely harmed Plaintiffs' business. Plaintiffs' lost sales of the delisted products amount to significant revenue each day and a significant portion of Plaintiffs' projected revenue. Furthermore, the delisting also led to declines in Plaintiffs' product reviews, ratings, and Amazon ranking, which results in lower product visibility in consumer searches.

68.     On June 28, 2024, Plaintiffs submitted a petition to Amazon requesting that Amazon acknowledge non-infringement and reinstate the Non-Infringing Products.

69.     On June 28, 2024, Amazon notified Plaintiffs that it had decide to reinstated the Non-Infringing Products on the ground of, inter alia, non-infringement.

70.     On July 1, 2024, HYPERICE sent a warning email stating that it intends to ask Amazon to take down Plaintiffs' Non-Infringing Products and threatened to sue Plaintiffs if Amazon does not remove the Non-Infringing Products again. HYPERICE also intends to obtain court orders instructing Amazon to permanently take down Plaintiffs' Non-Infringing Products for allegedly infringing the '082 and '482 Patents. *See* Exhibit 7.

71.     Based on the foregoing, a justiciable case or controversy exists between Plaintiffs and HYPERICE as to whether the Non-Infringing Products

DECLARATORY JUDGMENT COMPLAINT

infringe the '082 and '482 Patents, and whether HYPERICE wrongfully abused the APEX by using the results of APEX actions against third-party massage guns to file complaints with Amazon, leading to the delisting of Plaintiffs' Non-Infringing Products. Plaintiffs therefore have filed this Complaint to redress the abuse of the APEX, obtain declaratory judgments of patent noninfringement, and remedy the damage to their business caused by HYPERICE's interference with Plaintiffs' Amazon.com business.

## COUNT I

### Declaratory Judgment of Non-Infringement - the '082 and '482 Patents

72.    Plaintiffs repeat and reallege each of the preceding paragraphs as if they are restated here and incorporate them by reference.

73.    The manufacture, use, offer for sale, sale, and/or import of Plaintiffs' massage guns, including without limitation the Non-Infringing Products, have not infringed and will not infringe, directly or indirectly, literally or under the doctrine of equivalents, any valid claim of the '082 and '482 Patents.

74.    The Non-Infringing Products do not infringe the '082 Patent and '482 Patent because they do not include a drive mechanism that controls a predetermined stroke length of the piston, as required by all claims of the '082 and '482 Patents.

75.    The Non-Infringing Products do not infringe the '082 Patent and '482 Patent because they do not include a quick-connect system at a distal end of the

piston and a first massaging head, as required by all claims of the '082 and '482 Patents.

76.     An actual and justiciable case or controversy therefore exists between Plaintiffs and HYPERICE regarding whether the Non-Infringing Products have infringed the claims of the '082 and '482 Patents. Declaratory relief is thus appropriate and necessary to establish that the making, using, importation, sale, or offer of sale of the Non-Infringing Products do not infringe, directly or indirectly, literally or under the doctrine of equivalents, any valid and enforceable claim of the '082 and '482 Patents. Plaintiffs are entitled to a judgment declaring that they have not infringed and will not infringe any claim of the '082 and '482 Patents.

## COUNT II

### Unfair Competition

77.     Plaintiffs repeat and reallege each of the preceding paragraphs as if they are restated here and incorporate them by reference.

78.     California statutory law prohibits acts of "unfair competition" including any "unlawful, unfair and fraudulent business act or practice." *Cal. Bus. & Prof. Code* § 17200.

79.     Upon information and belief, Amazon will not initiate or suspend an ongoing APEX for a patent that is the subject of pending federal district court litigation.

80.     The '082 Patent and the '482 Patent are not patentably distinct from each other, both derive from the same "parent" patent application and containing the same key claim limitations.

81.      HYPERICE initiate a district court lawsuit with one (the '482 Patent) while asserting the other (the '082 Patent) in the APEX process.

82.     For many top Amazon sellers, the prevailing strategy upon receiving an invitation for an APEX is to file a declaratory judgment action to terminate or suspend the APEX.

83.     To circumvent this issue, HYPERICE selected relatively small sellers in the massage gun category of Amazon for the APEX proceeding with the '082 Patent. HYPERICE subsequently leveraged the favorable outcomes to target the top sellers, including the Plaintiffs.

84.     Leveraging the success of the APEX decision against third-party massage guns, HYPERICE abused APEX by submitting infringement complaints based on the '082 Patent against Plaintiffs' Non-Infringing Products. This abuse of the APEX decision led Amazon to delist Plaintiffs' Non-Infringing Products without providing Plaintiffs the opportunity to assert any defenses.

85.     As a direct and proximate result of HYPERICE's unfair competition, Plaintiffs have been, and continue to be, materially harmed in an amount to be proven at trial and in a manner that cannot be fully measured or compensated in

DECLARATORY JUDGMENT COMPLAINT

economic terms alone. Such irreparable harm will continue unless HYPERICE's acts are restrained and enjoined during and after this action.

## COUNT III

## Tortious Interference

86.     Plaintiffs repeat and reallege each of the preceding paragraphs as if they are restated here and incorporate them by reference.

87.     HYPERICE knowingly and intentionally interfered with Plaintiffs' valid and existing business relationships and expectancy of sales of their massage guns, including the Non-Infringing Products, via Amazon.com for an improper purpose and by improper means, causing Amazon to remove the ASINs for the Non-Infringing Products. This interference resulted in damages from Plaintiffs' lost sales of the Non-Infringing Products and associated products.

88.     By abusing the APEX system, HYPERICE intentionally interfered with and caused the termination of Plaintiffs' ability to sell the Non-Infringing Products on Amazon.com through improper means.

89.     HYPERICE lacked an objectively reasonable basis to leverage the results of its APEX actions against third-party products to accuse the Plaintiffs' Non-Infringing Products of infringing the '082 Patent that HYPERICE knew or should have known are not infringed by the Non-Infringing Products.

90.     As a direct and proximate result of HYPERICE's unfair competition,

DECLARATORY JUDGMENT COMPLAINT

1  Plaintiffs have suffered damages, including significant lost in sales of the Non-
2  Infringing Products and other massage guns, resulting in lost revenue and profits
3  directly attributable to those lost sales. The exact amount of these damages will be
4  proven at trial and cannot be fully measured or compensated in economic terms
5  alone.

6                    **PRAYER FOR RELIEF**

7            WHEREFORE, Plaintiffs pray for the following relief:

8            1.    A judgment declaring that the manufacture, use, offer for sale, sale,
9  and/or importation of Plaintiffs' products have not infringed and will not infringe,
10  directly or indirectly, literally or under the doctrine of equivalents, any valid claim
11  of the '082 and '482 Patents;

12           2.    A permanent injunction enjoining HYPERICE from asserting the '082
13  and '482 Patents against Plaintiffs' Non-Infringing Products;

14           3.    An award of monetary damages sufficient to compensate Plaintiffs for
15  Defendants' tortious conduct and unfair competition;

16           4.    An order awarding Plaintiffs' costs and reasonable attorney's fees as
17  permitted by law; and

18           5.    Such other and further relief as this Court may deem just and proper.

19

20                 **DEMAND FOR JURY TRIAL**

DECLARATORY JUDGMENT COMPLAINT

1        Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiffs demand a trial

2   by jury on all claims and issues so triable.

3

4

5   DATED:  July19, 2024         **SHM LAW FIRM**

6                   By:    */s/ Qianwu Yang*

                      QIANWU YANG  (Cal. Bar No. 336610)

7                         yang@shm.law

                      SHM LAW FIRM

8                         3000 El Camino Real

                      Building 4, Suite 200

9                         Palo Alto, CA 94306

                      Telephone: (650) 613-9737

10

                      Attorney for Plaintiffs

11                        Shenzhen Kelaisiman Trading Co., Ltd.,

                      Yongkang Tiange Technology Co., Ltd.,

12                        Lishui Tianque New Energy Technology Co., Ltd.,

13                        Yongkang Dilaka Technology Co., Ltd.,

                      Yongkang Health Freight Co., Ltd.,

14                        Zhejiang Aerlang Technology Co., Ltd., and

                      Hangzhou Linghui Intelligent Technology

15                        Co., Ltd.

16

17

18

19

20

DECLARATORY JUDGMENT COMPLAINT