BENJAMIN A. HERBERT (State Bar No. 277356)
bherbert@millerbarondess.com
MILLER BARONDESS, LLP
2121 Avenue of the Stars, Suite 2600
Los Angeles, California 90067
Telephone: (310) 552-4400
Facsimile: (310) 552-8400

LAWRENCE R. LAPORTE, (State Bar No. 130003)
lawrence.laporte@lewisbrisbois.com
LEWIS BRISBOIS BISGAARD & SMITH LLP
633 West 5th Street, Suite 4000
Los Angeles, California 90071
Telephone: 213.250.1800
Facsimile: 213.250.7900

Attorneys for Defendants HYPER ICE, INC. and HYPERICE IP SUBCO, LLC

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| SHENZHEN KELAISIMAN TRADING CO., LTD., YONGKANG TIANGE TECHNOLOGY CO., LTD., LISHUI TIANQUE NEW ENERGY TECHNOLOGY CO., LTD., YONGKANG DILAKA TECHNOLOGY CO., LTD., YONGKANG HEALTH FREIGHT CO., LTD., ZHEJIANG AERLANG TECHNOLOGY CO., LTD., AND HANGZHOU LINGHUI INTELLIGENT TECHNOLOGY CO., LTD., <br><br> Plaintiffs, <br><br> v. <br><br> HYPER ICE, INC. and HYPERICE IP SUBCO LLC, <br><br> Defendants. | **CASE NO. 8:24-cv-01472-JWH-DFM** <br><br> **DEFENDANTS' FIRST AMENDED ANSWER AND COUNTERCLAIMS TO PLAINTIFFS' FIRST AMENDED COMPLAINT** <br><br> *Filed Concurrently with DEMAND FOR JURY TRIAL* |

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
2121 AVENUE OF THE STARS, SUITE 2600  LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400   FAX: (310) 552-8400

# ANSWER

Defendants Hyper Ice, Inc. and Hyperice IP Subco, LLC (collectively "Hyperice" or "Defendants") assert as follows for Hyperice's answer to the First Amended Complaint brought by Plaintiffs:

## NATURE OF THE ACTION

1.   This action arises out of the Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq*., and the United States Patent Act, 35 U.S.C. §1 *et seq*. Plaintiffs seek declaratory judgments that U.S. Patent No. 11,938,082 ("the '082 Patent") and U.S. Patent No. 11, 857,482 ("the '482 Patent") are not infringed by Plaintiffs' products ("Non-Infringing Products"). True and correct copies of the '082 Patent and the '482 Patent are attached hereto as Exhibits 1 and 2, respectively.

**RESPONSE:**  Hyperice admits that Plaintiffs assert their claims based on the cited statutes and laws. Hyperice denies the remaining allegations in this paragraph of the First Amended Complaint.

2.   This action further arises under the laws of the state of California. Plaintiffs seek an order remedying HYPERICE's tortious interference with an unfair competition.

**RESPONSE:**  Admitted, but Hyperice denies Plaintiffs are entitled to such an order.

## PARTIES

3.   Shenzhen Kelaisiman Trading Co., Ltd. is a Chinese company with a principal place of business at 608, No. 27, You Song Comprehensive Market, You Song Community, Longhua Street, Longhua District, Shenzhen, China.

**RESPONSE:**  Hyperice is without sufficient information or knowledge to form a belief as to the truth of the allegations in this paragraph of the First Amended Complaint and, therefore, denies them.

4.   Yongkang Tiange Technology Co., Ltd. is a Chinese company, with a principal place of business at Room 10, West Side, Second Floor, Building 2, No.

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
2121 AVENUE OF THE STARS, SUITE 2600  LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400   FAX: (310) 552-8400

222 Meilong Road, Xicheng Street, Yongkang, Jinhua, Zhejiang, China.

**RESPONSE:** Hyperice is without sufficient information or knowledge to form a belief as to the truth of the allegations in this paragraph of the First Amended Complaint and, therefore, denies them.

5. Lishui Tianque New Energy Technology Co., Ltd. is a Chinese company, with a principal place of business at Fifth Floor, Building 3, Xiaowei Park, Phase II, Hongshi Block, East Expansion Area, Lishui High-Tech Zone, Xinbi Street, Jinyun County, Lishui, Zhejiang, China.

**RESPONSE:** Hyperice is without sufficient information or knowledge to form a belief as to the truth of the allegations in this paragraph of the First Amended Complaint and, therefore, denies them.

6. Yongkang Dilaka Technology Co., Ltd. is a Chinese company, with a principal place of business at South Side, Fourth Floor, Building 1, No. 17 Jinshan East Road, Economic Development Zone, Yongkang, Jinhua, Zhejiang, China.

**RESPONSE:** Hyperice is without sufficient information or knowledge to form a belief as to the truth of the allegations in this paragraph of the First Amended Complaint and, therefore, denies them.

7. Yongkang Health Freight Co., Ltd. is a Chinese company, with a principal place of business at No. 199-28, Xueyaun North Road, Economic Development Zone, Yongkang, Jinhua, Zhejiang, China.

**RESPONSE:** Hyperice is without sufficient information or knowledge to form a belief as to the truth of the allegations in this paragraph of the First Amended Complaint and, therefore, denies them.

8. Zhejiang Aerlang Technology Co., Ltd. is a Chinese company, with a principal place of business at Room 301, No. 490, Jiulong North Road, Shilipai Village, Dongcheng Street, Yongkang, Jinhua, Zhejiang, China.

**RESPONSE:** Hyperice is without sufficient information or knowledge to form a belief as to the truth of the allegations in this paragraph of the First

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
2121 AVENUE OF THE STARS, SUITE 2600  LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400  FAX: (310) 552-8400

Amended Complaint and, therefore, denies them.

9.    Hangzhou Linghui Intelligent Technology Co., Ltd. is a Chinese company, with a principal palce of business at Room 905-3, Building 1, Meilai International Center, Nanyuan Street, Yuhang District, Hangzhou, Zhejiang, China.

**RESPONSE:**  Hyperice is without sufficient information or knowledge to form a belief as to the truth of the allegations in this paragraph of the First Amended Complaint and, therefore, denies them.

10.    Upon information and belief, Hyper Ice, Inc., is a corporation organized under California law with its principal place of business at 525 Technology Drive, Suite 100, Irvine, CA 92618.

**RESPONSE:**  Admitted.

11.    Upon information and belief, Defendant HYPERICE is a Delaware limited liability company with its principal place of business at 525 Technology Drive, Suite 100, Irvine, California 92618.

**RESPONSE:**  Denied.

12.    Upon information and belief, Hyperice IP Subco, LLC is a wholly-owned subsidiary of Hyper Ice, Inc.

**RESPONSE:**  Admitted.

## JURISDICTION AND VENUE

13.    This action arises under the Declaratory Judgment Act, 28 U.S.C. § 2201, *et seq*., the United States Patent Act, 35 U.S.C. § 1, *et seq*., and the laws of the state of California. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 2201, 2202, 1331, and 1338(a) because an actual case or controversy currently exists between the Parties regarding the subject matter of this action, and the Court would have subject matter jurisdiction over this action if Defendants initiated suit for patent infringement.

**RESPONSE:**  Admitted.

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
2121 AVENUE OF THE STARS, SUITE 2600  LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400   FAX: (310) 552-8400

14.    The Court has subject matter jurisdiction over the state law claims asserted in this action pursuant to 28 U.S.C. § 1367(a) because they are so related to the declaratory judgment claims that they form part of the same case or controversy.

**RESPONSE:**  Admitted.

15.    The Court has personal jurisdiction over Hyper Ice, Inc. based on information and belief that Hyper Ice, Inc. is domiciled in California and within this judicial district.

**RESPONSE:**  Admitted.

16.    The Court has personal jurisdiction over Hyperice IP Subco, LLC based on information and belief that Hyperice IP Subco, LLC is a wholly-owned subsidiary of Hyper Ice, Inc. and operates solely as a holding company for patents acquired by Hyper Ice, Inc.

**RESPONSE:**  Hyperice admits that the Court has personal jurisdiction over Hyperice IP Subco, LLC, but denies the remaining allegations in this paragraph

17.    Upon information and belief, Hyper Ice, Inc. and Hyperice IP Subco, LLC have filed multiple patent enforcement lawsuits in various jurisdictions as joint co-plaintiffs, including in this jurisdiction.

**RESPONSE:**  Admitted.

18.    Venue is proper in this Court under 28 U.S.C. § 1391(b)(1), because Hyper Ice, Inc. and Hyperice IP Subco, LLC both reside in this district as residency is defined in 28 U.S.C. § 1391(c)(2).

**RESPONSE:**  Hyperice admits that venue is proper, but denies the remaining allegations in this paragraph.

## FACTUAL BACKGROUND

### A.    The Plaintiffs' Non-Infringing Products.

19.    Plaintiff Shenzhen Trading Co., Ltd. sells massage guns on Amazon under the storefront "shenzhenkelaisimanshangmaoyouxiangongsi." The model of the massage guns sold by Shenzhen Kelaisiman Trading Co., Ltd. at issue is M68-

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
2121 AVENUE OF THE STARS, SUITE 2600  LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400  FAX: (310) 552-8400

7. The corresponding Amazon Standard Identification Numbers ("ASINs") are B08TLWYKLS and B0BJDL4HJN.

**RESPONSE:** Hyperice is without sufficient information or knowledge to form a belief as to the truth of the allegations in this paragraph of the First Amended Complaint and, therefore, denies them.

20.     On or about June 11, 2024, Shenzhen Kelaisiman Trading Co., Ltd. received a notification from Amazon. This notice informed Shezhen Kelaisiman Trading       Co.,       Ltd.       that       Amazon       removed shenzhenkelaisimanshangmaoyouxiangongsi's listing, ASINs B08TLWYKLS and B0BJDL4HJN, because of the alleged infringement of the '082 Patent. The rights owner's name is HYPERICE and its email address is barnold@hyperice.com. *See* Exhibit 3.

**RESPONSE:** Hyperice is without sufficient information or knowledge to form a belief as to the truth of the allegations in this paragraph of the First Amended Complaint and, therefore, denies them.

21.     Plaintiff Yongkang Tiange Technology Co., Ltd. sells massage guns on Amazon under the storefront "APHERMA." The model of the massage guns sold by Yongkang Tiange Technology Co., Ltd. at issue is X8. The corresponding ASINs are B0BG4HY4PX and B09P1DV7D8.

**RESPONSE:** Hyperice is without sufficient information or knowledge to form a belief as to the truth of the allegations in this paragraph of the First Amended Complaint and, therefore, denies them.

22.     On or about June 11, 2024, Yongkang Tiange Technology Co., Ltd. received a notification from Amazon. This notice informed Yongkang Tiange Technology Co., Ltd. that Amazon removed APHERMA's listings, ASINs B0BG4HY4PX and B09P1DV7D8, because of the alleged infringement of the '082 Patent. The rights owner's name is HYPERICE and its email address is barnold@hyperice.com. *See* Exhibit 4.

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
2121 AVENUE OF THE STARS, SUITE 2600   LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400   FAX: (310) 552-8400

**RESPONSE:** Hyperice is without sufficient information or knowledge to form a belief as to the truth of the allegations in this paragraph of the First Amended Complaint and, therefore, denies them.

23.    Plaintiff Lishui Tianque New Energy Technology Co., Ltd. sells massage guns on Amazon under the storefront "tianquexinnengyuan." The model of the massage guns sold by Lishui Tianque New Energy Technology Co., Ltd. at issue is X6. The corresponding ASINs are B0BFF5Y4F2 and B0BFF9N6QQ.

**RESPONSE:** Hyperice is without sufficient information or knowledge to form a belief as to the truth of the allegations in this paragraph of the First Amended Complaint and, therefore, denies them.

24.    On or about June 11, 2024, Lishui Tianque New Energy Technology Co., Ltd. received a notification from Amazon. This notice informed Lishui Tianque New Energy Technology Co., Ltd. that Amazon removed tianquexinnengyuan's listings, ASINs B0BFF5Y4F@ and B0BFF9N6QQ, because of the alleged infringement of the '082 Patent. The rights owner's name is HYPERICE and its email address is barnold@hyperice.com. *See* Exhibit 5.

**RESPONSE:** Hyperice is without sufficient information or knowledge to form a belief as to the truth of the allegations in this paragraph of the First Amended Complaint and, therefore, denies them.

25.    Plaintiff Yongkang Dilaka Technology Co., Ltd. sells massage guns on Amazon under the storefront "USAYURA." The model of the massage guns sold by Yongkang Dilaka Technology Co., Ltd. at issue is X8. The corresponding ASINs are B0CGNPVTCZ and B0CGNNTN33.

**RESPONSE:** Hyperice is without sufficient information or knowledge to form a belief as to the truth of the allegations in this paragraph of the First Amended Complaint and, therefore, denies them.

26.    On or about June 11, 2024, Amazon removed USAYURA's listings, ASINs B0CGNPVTCZ and B0CGNNTN33, which belong to Plaintiff Yongkang

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
2121 AVENUE OF THE STARS, SUITE 2600  LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400   FAX: (310) 552-8400

Case No. 8:24-cv-01472-JWH-DFM
DEFENDANTS' FIRST AMENDED ANSWER AND COUNTERCLAIMS TO PLAINTIFFS'
FIRST AMENDED COMPLAINT

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
2121 AVENUE OF THE STARS, SUITE 2600  LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400  FAX: (310) 552-8400

1    Dilaka Technology Co., Ltd., because of the alleged infringement of the '082 Patent.

2        **RESPONSE:**  Hyperice is without sufficient information or knowledge to

3    form a belief as to the truth of the allegations in this paragraph of the First Amended

4    Complaint and, therefore, denies them.

5        27.    Plaintiff Yongkang Health Freight Co., Ltd. sells massage guns on

6    Amazon under the storefront "JQX-US." The model of the massage guns sold by

7    Yongkang Health Freight Co., Ltd. at issue is M68-7. The corresponding ASINs are

8    B0CGN8SYDQ and B0CGN8FM2T.

9        **RESPONSE:**  Hyperice is without sufficient information or knowledge to

10    form a belief as to the truth of the allegations in this paragraph of the First Amended

11    Complaint and, therefore, denies them.

12        28.    Amazon removed JQX-US's listings, ASINs B0CGN8SYDQ and

13    B0CGN8FM2T, which belong to Yongkang Health Freight Co., Ltd., because of the

14    alleged infringement of the '082 Patent.

15        **RESPONSE:**  Hyperice is without sufficient information or knowledge to

16    form a belief as to the truth of the allegations in this paragraph of the First Amended

17    Complaint and, therefore, denies them.

18        29.    Plaintiff Zhejiang Aerlang Technology Co., Ltd. manufactures various

19    models of massage guns, including the EM8, EM9, EM10, EM11, EM13, EM15,

20    EM16, EM17, and EM18, which it sells to various retailers, including Hangzhou

21    Linghui Intelligent Technology Co., Ltd.

22        **RESPONSE:**  Hyperice is without sufficient information or knowledge to

23    form a belief as to the truth of the allegations in this paragraph of the First Amended

24    Complaint and, therefore, denies them.

25        30.    Plaintiff Hangzhou Linghui Intelligent Technology Co., Ltd. sells

26    massage guns on Amazon under the storefront "Lnhui." The models of the massage

27    guns sold by Hangzhou Linghui Intelligent Technology Co., Ltd. at issue are EM17

28    and EM13. The corresponding ASINs are B0BQ2YRWX8, B0BQ2YJY7H,

1  B08MLB2B4H,    B0BDWH4LQ2,    B0CR7LPW4L,    B0CTFV1T5Q    and
2  B0CTG678VS.

3  **RESPONSE:**  Hyperice is without sufficient information or knowledge to
4  form a belief as to the truth of the allegations in this paragraph of the First Amended
5  Complaint and, therefore, denies them.

6  31.    On or about June 12, 2024, Hangzhou Linghui Intelligent Technology
7  Co., Ltd. received several notifications from Amazon. These notices informed
8  Hangzhou Linghui Intelligent Technology Co., Ltd. that Amazon removed Lnhui's
9  listings, ASINs B0BQ2YRWX8, B0BQ2YJY7H, B08MLB2B4H, B0BDWH4LQ2,
10  B0CR7LPW4L, B0CTFV1T5Q and B0CTG678VS, because of the alleged
11  infringement of the '082 Patent. The rights owner's name is HYPERICE and its
12  email address is barnold@hyperice.com. *See* Exhibit 6.

13  **RESPONSE:**  Hyperice is without sufficient information or knowledge to
14  form a belief as to the truth of the allegations in this paragraph of the First Amended
15  Complaint and, therefore, denies them.

16  32.    The Amazon marketplace constitutes Plaintiffs' primary sales
17  channel into the United States. To remain competitive in the United States market
18  for massage guns, Plaintiffs need their products listed in the Amazon marketplace.
19  Amazon has removed Plaintiffs' massage guns from the marketplace, preventing
20  Plaintiffs from accessing their largest channel of trade because of Defendants'
21  alleged infringement complaint to Amazon. Thus, Defendants' submission of
22  Amazon infringement complaint has caused immediate and substantial harm to
23  Plaintiffs.

24  **RESPONSE:**  Hyperice is without sufficient information or knowledge to
25  form a belief as to the truth of the allegations in this paragraph of the First Amended
26  Complaint and, therefore, denies them.

27  **B.    U.S. Patent NO. 11,938,082.**

28  33.    The '082 Patent lists HYPERICE IP SUBCO, LLC as the applicant and

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
2121 AVENUE OF THE STARS, SUITE 2600  LOS ANGELES, CALIFORNIA 90067
TEL (310) 552-4400   FAX (310) 552-8400

1    assignee. *See* Exhibit 1, the '082 Patent, cover page.

2        **RESPONSE:**  Admitted.

3        34.    The '082 Patent is entitled "Massage Device Having Variable Stroke

4    Length" and claims "A percussive massager comprising: [...] drive mechanism that

5    controls a predetermined stroke length of the piston; and quick-connect system [...]

6    is configured to have a proximal end of the first massaging head inserted into or

7    removed from the bore while the piston reciprocates the predetermined stroke length

8    at the first speed." *See* Exhibit 1 at 10:4-11.

9        **RESPONSE:**  Admitted.

10        35.    The application for the '082 Patent was filed on November 20, 2023.

11    The '082 Patent was issued on March 26, 2024.

12        **RESPONSE:**  Admitted.

13        36.    Claims 1 and 18 are the only independent claims of the '082 Patent.

14        **RESPONSE:**  Admitted.

15        37.    Claim 1 requires:

16        a drive mechanism that controls a predetermined stroke length of the

17        piston.

18    *See* Exhibit 1 at 10:4-5.

19        **RESPONSE:**  Admitted.

20        38.    Claim 18 requires:

21        providing a drive mechanism configured to control a predetermined

22        stroke length of the piston.

23    *See* Exhibit 1 at 11:10-11.

24        **RESPONSE:**  Admitted.

25        39.    Accordingly, all claims in the '082 Patent require a drive mechanism

26    that controls a predetermined stroke length of the piston.

27        **RESPONSE:**  Admitted.

28        40.    Claim 1 also requires:

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
2121 AVENUE OF THE STARS, SUITE 2600  LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400   FAX: (310) 552-8400

a quick-connect system comprising the distal end of the piston and a first massaging head, wherein the quick-connect system is configured to have a proximal end of the first massaging head inserted into or removed from the bore while the piston reciprocates the predetermined stroke length at the first speed.

*See* Exhibit 1 at 10:6-11.

**RESPONSE:** Admitted.

41.    Claim 18 also requires:

providing a quick-connect system comprising the distal end of the piston and a first massaging head, wherein a proximal end of the first massaging head is configured to be inserted into or removed from the bore while the piston reciprocates the predetermined stroke length at the first speed.

*See* Exhibit 1 at 11:12-17.

**RESPONSE:** Admitted.

42.    Accordingly, all claims in the '082 Patent require a quick-connect system at a distal end of the piston and a first massaging head.

**RESPONSE:** Admitted.

43.    The '082 Patent is a continuation of application No. 18/466,702, which is a continuation of U.S. Patent No. 11,857,482 ("the '482 Patent").

**RESPONSE:** Admitted.

44.    In the Notice of Pre-AIA or AIA Status for the '082 Patent, issued during the prosecution, the patent examiner stated that the claims of the '082 Patent and the '482 Patent, "[a]lthough not identical, are not patentably distinct from each other."

**RESPONSE:** Denied.

**C. U.S. Patent NO. 11,857,482.**

45.    The '482 Patent lists HYPERICE IP SUBCO, LLC as the applicant

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
2121 AVENUE OF THE STARS, SUITE 2600   LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400   FAX: (310) 552-8400

and assignee. *See* Exhibit 2, the '482 Patent, cover page.

**RESPONSE:** Admitted.

46. The '482 Patent is entitled "Massage Device Having Variable Stroke Length" and claims "A percussive massager comprising: [...] a drive mechanism that controls a predetermined stroke length of the piston; and quick-connect system [...] is configured to secure the first massaging head to the percussive massager by a proximal end of the massaging head being slid into the bore while the piston reciprocates the predetermined stroke length at the first speed." *See* Exhibit 2 at 10:8-16.

**RESPONSE:** Admitted.

47. The application for the '482 Patent was filed on February 25, 2022. The '482 Patent was issued on January 2, 2024.

**RESPONSE:** Admitted.

48. Claims 1, 32 and 34 are the only independent claims of the '482 Patent.

**RESPONSE:** Admitted.

49. Claim 1 requires:

a drive mechanism that controls a predetermined stroke length of the piston. *See* '482 Patent at 10:8-9.

**RESPONSE:** Admitted.

50. Claim 32 requires:

positioning a drive mechanism that controls a predetermined stroke length of the piston within the housing, wherein the quick release connector is configured to secure a first massaging head by sliding the first massaging head into the bore while the piston reciprocates the predetermined stroke length at the first speed. *See* '482 Patent at 11:54-59.

**RESPONSE:** Admitted.

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
2121 AVENUE OF THE STARS, SUITE 2600  LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400   FAX: (310) 552-8400

Case No. 8:24-cv-01472-JWH-DFM

DEFENDANTS' FIRST AMENDED ANSWER AND COUNTERCLAIMS TO PLAINTIFFS' FIRST AMENDED COMPLAINT

51.     Claim 34 requires:

a drive mechanism between the motor and the piston that controls a predetermined stroke length of the piston; and

*See* '482 Patent at 12:5-6.

**RESPONSE:**  Admitted.

52.     Accordingly, all claims in the '482 Patent require a drive mechanism that controls a predetermined stroke length of the piston.

**RESPONSE:**  Admitted.

53.     Claim 1 also requires:

a quick-connect system comprising the distal end of the piston and a first massaging head, wherein the quick-connect system is configured to secure the first massaging head to the percussive massager by a proximal end of the massaging head being slid into the bore while the piston reciprocates the predetermined stroke length at the first speed.

*See* '482 Patent at 10:10-16.

**RESPONSE:**  Admitted.

54.     Claim 32 also requires:

operatively connecting the motor to a proximal end of a piston, wherein the motor is configured to cause the piston to reciprocate at a first speed, wherein a distal end of the piston has a quick release connector, wherein the quick release connector has a bore having a substantially cylindrical structure; and

*See* '482 Patent at 11:47-53.

**RESPONSE:**  Admitted.

55.     Claim 34 also requires:

a quick release connector at the distal end of the piston, wherein the quick release connector is configured to secure a first massaging

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
2121 AVENUE OF THE STARS, SUITE 2600   LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400   FAX: (310) 552-8400

Case No. 8:24-cv-01472-JWH-DFM

head while the piston reciprocates a predetermined stroke length at the first speed, wherein the first massaging head has a substantially cylindrical pocket to receive the quick release connector.

*See* '482 Patent at 12:8-14.

**RESPONSE:** Admitted.

56. Accordingly, all claims in the '482 Patent require a quick-connect system at a distal end of the piston and a first massaging head.

**RESPONSE:** Admitted.

**D.    HYPERICE Interfered with Plaintiffs' Sales Via Amazon.com by Abusing the APEX and Erroneously Accusing Plaintiffs' Non-Infringing Products of Patent Infringement.**

57. Upon information and belief, in or about March or April 2024, shortly after the '082 Patent was issued, HYPERICE initiated an Amazon Patent Evaluation Express Procedure ("APEX") based on Claim 1 of the '082 Patent against certain third-party massage guns sellers (not Plaintiffs) on Amazon.com.

**RESPONSE:** Admitted.

58. Upon information and belief, HYPERICE obtained a decision in the APEX that the patent owner, HYPERICE, was likely to prove that certain third-party massage guns infringes [*sic*] Claim 1 of the '082 Patent.

**RESPONSE:** Admitted.

59. Upon information and belief, as a result of the decision from the APEX, the third-party massage guns were delisted from Amazon.

**RESPONSE:** Admitted.

60. Upon information and belief, on or about June 11, 2024, based on the APEX decision, HYPERICE filed complaints with Amazon against Plaintiffs' Non-Infringing Products.

**RESPONSE:** Denied.

61. The Non-Infringing Products do not infringe the '082 Patent, because,

Miller Barondess, LLP
ATTORNEYS AT LAW
2121 AVENUE OF THE STARS, SUITE 2600  LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400  FAX: (310) 552-8400

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
2121 AVENUE OF THE STARS, SUITE 2600  LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400  FAX: (310) 552-8400

1  at least, they do not include a drive mechanism that controls a predetermined stroke

2  length of the piston, as required by all claims of the '082 Patent.

3  **RESPONSE:** Denied.

4  62.  The Non-Infringing Products do not infringe the '082 Patent because,

5  at least, they do not include a quick-connect system at a distal end of the piston and

6  a first massaging head, as required by all claims of the '082 Patent.

7  **RESPONSE:** Denied.

8  63.  As discussed above, because the '482 and '082 Patents are not

9  patentably distinct, Plaintiffs Non-Infringing Products do not infringe the '482

10  Patent for the same reasons they do not infringe the '082 Patent.

11  **RESPONSE:** Denied.

12  64.  On or about June 11, 2024, Amazon delisted the Plaintiffs' Non-

13  Infringing Products without any prior notice, based on HYPERICE's infringement

14  complaints.

15  **RESPONSE:**  Hyperice is without sufficient information or knowledge to

16  form a belief as to the truth of the allegations in this paragraph of the First Amended

17  Complaint and, therefore, denies them.

18  65.  Under the Amazon Patent Evaluation Express Procedure ("APEX"),

19  "If there is litigation pending on a patent subject to a proposed or pending

20  Evaluation, Amazon may decide not to initiate or suspend an Evaluation until the

21  completion of that litigation." *See* Exhibit 8 at 1. In practice, Amazon will not initiate

22  or suspend an Evaluation until the completion of that litigation.

23  **RESPONSE:**  Hyperice is without sufficient information or knowledge to

24  form a belief as to the truth of the allegations in this paragraph of the Complaint and,

25  therefore, denies them.

26  66.  HYPERICE abused APEX system against Plaintiffs using the '082

27  Patent to initiate the APEX while pursuing district court patent litigations against

28  many other massage gun competitors asserting the '482 Patent, which is not

15

patently distinct from the '082 Patent (both derive from the same "parent" patent application) and which contains the same key claim limitations.

**RESPONSE:** Denied.

67.    HYPERICE's complaints to Amazon have caused substantial damages and reputational harm to Plaintiffs. The delisting has already severely harmed Plaintiffs' business. Plaintiffs' lost sales of the delisted products amount to significant revenue each day and a significant portion of Plaintiffs' projected revenue. Furthermore, the delisting also led to declines in Plaintiffs' product reviews, ratings, and Amazon ranking, which results in lower product visibility in consumer searches.

**RESPONSE:**  Hyperice is without sufficient information or knowledge to form a belief as to the truth of the allegations in this paragraph of the First Amended Complaint and, therefore, denies them.

68.    On June 28, 2024, Plaintiffs submitted a petition to Amazon requesting that Amazon acknowledge non-infringement and reinstate the Non- Infringing Products.

**RESPONSE:**  Hyperice is without sufficient information or knowledge to form a belief as to the truth of the allegations in this paragraph of the First Amended Complaint and, therefore, denies them.

69.    On June 28, 2024, Amazon notified Plaintiffs that it had decide [*sic*] to reinstated [*sic*] the Non-Infringing Products on the ground of, inter alia, non-infringement.

**RESPONSE:**  Hyperice is without sufficient information or knowledge to form a belief as to the truth of the allegations in this paragraph of the First Amended Complaint and, therefore, denies them.

70.    On July 1, 2024, HYPERICE sent a warning email stating that it intends to ask Amazon to take down Plaintiffs' Non-Infringing Products and threatened to sue Plaintiffs if Amazon does not remove the Non-Infringing Products again.

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
2121 AVENUE OF THE STARS, SUITE 2600  LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400  FAX: (310) 552-8400

Case No. 8:24-cv-01472-JWH-DFM
DEFENDANTS' FIRST AMENDED ANSWER AND COUNTERCLAIMS TO PLAINTIFFS'
FIRST AMENDED COMPLAINT

HYPERICE also intends to obtain court orders instructing Amazon to permanently take down Plaintiffs' Non-Infringing Products for allegedly infringing the '082 and '482 Patents. *See* Exhibit 7.

**RESPONSE:** Denied.

71.    Based on the foregoing, a justiciable case or controversy exists between Plaintiffs and HYPERICE as to whether the Non-Infringing Products infringe the '082 and '482 Patents, and whether HYPERICE wrongfully abused the APEX by using the results of APEX actions against third-party massage guns to file complaints with Amazon, leading to the delisting of Plaintiffs' Non-Infringing Products. Plaintiffs therefore have filed this Complaint to redress the abuse of the APEX, obtain declaratory judgments of patent noninfringement, and remedy the damage to their business caused by HYPERICE's interference with Plaintiffs' Amazon.com business.

**RESPONSE:** Hyperice is without sufficient information or knowledge to form a belief as to the truth of the allegations in this paragraph of the First Amended Complaint and, therefore, denies them.

## COUNT I

## Declaratory Judgment of Non-Infringement – the '082 and '482 Patents

72.    Plaintiffs repeat and reallege each of the preceding paragraphs as if they are restated here and incorporate them by reference.

**RESPONSE:** Hyperice repeats and realleges its answers to the preceding paragraphs as if fully set forth herein.

73.    The manufacture, use, offer for sale, sale, and/or import of Plaintiffs' massage guns, including without limitation the Non-Infringing Products, have not infringed and will not infringe, directly or indirectly, literally or under the doctrine of equivalents, any valid claim of the '082 and '482 Patents.

**RESPONSE:** Denied.

74.    The Non-Infringing Products do not infringe the '082 Patent and '482

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
2121 AVENUE OF THE STARS, SUITE 2600   LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400   FAX: (310) 552-8400

Patent because they do not include a drive mechanism that controls a predetermined stroke length of the piston, as required by all claims of the '082 and '482 Patents.

**RESPONSE:** Denied.

75. The Non-Infringing Products do not infringe the '082 Patent and '482 Patent because they do not include a quick-connect system at a distal end of the piston and a first massaging head, as required by all claims of the '082 and '482 Patents.

**RESPONSE:** Denied.

76. An actual and justiciable case or controversy therefore exists between Plaintiffs and HYPERICE regarding whether the Non-Infringing Products have infringed the claims of the '082 and '482 Patents. Declaratory relief is thus appropriate and necessary to establish that the making, using, importation, sale, or offer of sale of the Non-Infringing Products do not infringe, directly or indirectly, literally or under the doctrine of equivalents, any valid and enforceable claim of the '082 and '482 Patents. Plaintiffs are entitled to a judgment declaring that they have not infringed and will not infringe any claim of the '082 and '482 Patents.

**RESPONSE:** Denied.

## COUNT II
## Unfair Competition

77. Plaintiffs repeat and reallege each of the preceding paragraphs as if they are restated here and incorporate them by reference.

**RESPONSE:** Hyperice repeats and realleges its answers to the preceding paragraphs as if fully set forth herein.

78. California statutory law prohibits acts of "unfair competition" including any "unlawful, unfair and fraudulent business act or practice." *Cal. Bus. & Prof. Code* § 17200.

**RESPONSE:** Denied.

79. Upon information and belief, Amazon will not initiate or suspend an

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
2121 AVENUE OF THE STARS, SUITE 2600  LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400  FAX: (310) 552-8400

ongoing APEX for a patent that is the subject of pending federal district court litigation.

**RESPONSE:** Denied.

80.    The '082 Patent and the '482 Patent are not patentably distinct from each other, both derive from the same "parent" patent application and containing the same key claim limitations.

**RESPONSE:** Denied.

81.    HYPERICE initiate a district court lawsuit with one (the '482 Patent) while asserting the other (the '082 Patent) in the APEX process.

**RESPONSE:** Admitted.

82.    For many top Amazon sellers, the prevailing strategy upon receiving an invitation for an APEX is to file a declaratory judgment action to terminate or suspend the APEX.

**RESPONSE:** Hyperice is without sufficient information or knowledge to form a belief as to the truth of the allegations in this paragraph of the First Amended Complaint and, therefore, denies them.

83.    To circumvent this issue, HYPERICE selected relatively small sellers in the massage gun category of Amazon for the APEX proceeding with the '082 Patent. HYPERICE subsequently leveraged the favorable outcomes to target the top sellers, including the Plaintiffs.

**RESPONSE:** Denied.

84.    Leveraging the success of the APEX decision against third-party massage guns, HYPERICE abused APEX by submitting infringement complaints based on the '082 Patent against Plaintiffs' Non-Infringing Products. This abuse of the APEX decision led Amazon to delist Plaintiffs' Non-Infringing Products without providing Plaintiffs the opportunity to assert any defenses.

**RESPONSE:** Denied.

85.    As a direct and proximate result of HYPERICE's unfair competition,

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
2121 AVENUE OF THE STARS, SUITE 2600  LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400   FAX: (310) 552-8400

1  Plaintiffs have been, and continue to be, materially harmed in an amount to be
2  proven at trial and in a manner that cannot be fully measured or compensated in
3  economic terms alone. Such irreparable harm will continue unless HYPERICE's
4  acts are restrained and enjoined during and after this action.

5      **RESPONSE:** Denied.

6  **COUNT III**

7  **Tortious Interference**

8      86.    Plaintiffs repeat and reallege each of the preceding paragraphs as if they
9  are restated here and incorporate them by reference.

10      **RESPONSE:**  Hyperice repeats and realleges its answers to the preceding
11  paragraphs as if fully set forth herein.

12      87.    HYPERICE knowingly and intentionally interfered with Plaintiffs'
13  valid and existing business relationships and expectancy of sales of their massage
14  guns, including the Non-Infringing Products, via Amazon.com for an improper
15  purpose and by improper means, causing Amazon to remove the ASINs for the Non-
16  Infringing Products. This interference resulted in damages from Plaintiffs' lost sales
17  of the Non-Infringing Products and associated products.

18      **RESPONSE:** Denied.

19      88.    By abusing the APEX system, HYPERICE intentionally interfered with
20  and caused the termination of Plaintiffs' ability to sell the Non-Infringing Products
21  on Amazon.com through improper means.

22      **RESPONSE:** Denied.

23      89.    HYPERICE lacked an objectively reasonable basis to leverage the
24  results of its APEX actions against third-party products to accuse the Plaintiffs' Non-
25  Infringing Products of infringing the '082 Patent that HYPERICE knew or should
26  have known are not infringed by the Non-Infringing Products.

27      **RESPONSE:** Denied.

28      90.    As a direct and proximate result of HYPERICE's unfair competition,

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
2121 AVENUE OF THE STARS, SUITE 2600  LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400  FAX: (310) 552-8400

Plaintiffs have suffered damages, including significant lost in sales of the Non-Infringing Products and other massage guns, resulting in lost revenue and profits directly attributable to those lost sales. The exact amount of these damages will be proven at trial and cannot be fully measured or compensated in economic terms alone.

**RESPONSE:** Denied.

## AFFIRMATIVE DEFENSES

Hyperice's affirmative defenses are listed below. By alleging the Affirmative Defenses set forth below, Hyperice does not agree or concede that they bear the burden of proof or the burden of persuasion on any of these issues, whether in whole or in part. Hyperice reserves the right to amend its Answer and to add and/or amend its Affirmative Defenses consistent with any facts discovered in this case.

## FIRST AFFIRMATIVE DEFENSE
### (Failure to Mitigate)

Plaintiffs failed to make reasonable efforts to mitigate damages and their damages are barred and/or limited as a result.

## SECOND AFFIRMATIVE DEFENSE
### (No Injunction)

Plaintiffs are not entitled to an injunction because Plaintiffs are not likely to prevail on the merits, have not suffered and will not suffer irreparable harm due to Hyperice's conduct, and have an adequate remedy at law.

## THIRD AFFIRMATIVE DEFENSE
### (No Attorneys' Fees or Costs)

Plaintiffs are not entitled to recover attorneys' fees associated with this action under 35 U.S.C. § 285 or costs associated with this action under 35 U.S.C. § 288.

## FOURTH AFFIRMATIVE DEFENSE
### (Equitable Doctrines)

Plaintiffs' claims against Hyperice are barred by the equitable doctrines of

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
2121 AVENUE OF THE STARS, SUITE 2600  LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400  FAX: (310) 552-8400

waiver, estoppel, acquiescence, and/or unclean hands.

## FIFTH AFFIRMATIVE DEFENSE

### (No False or Misleading Statements)

Hyperice made no false or misleading statements necessary to give rise to Plaintiffs' Lanham Act claims.

## SIXTH AFFIRMATIVE DEFENSE

### (No Objectively Baseless and/or Bad Faith Assertions)

Hyperice made no objectively baseless and/or bad faith assertions necessary to give rise to either Plaintiffs' Unfair Competition or Tortious Interference claims.

## SEVENTH AFFIRMATIVE DEFENSE

### (Reservation of Rights)

Hyperice reserves any and all additional defenses available under Section 35 of the United States Code, the rules, regulations, or laws related thereto, the Federal Rules of Civil Procedure, the Rules of this Court, and/or otherwise in law or equity, now existing, or later arising, as may be discovered as there has been no discovery in this case.

## COUNTERCLAIM

Hyper Ice, Inc. and Hyperice IP Subco, LLC (collectively "Hyperice") allege as follows for this Counterclaim for Patent Infringement ("Complaint") against Counter-Defendants Zhejiang Aerlang Technology Co., Ltd., and Hangzhou Linghui Intelligent Technology Co., Ltd ("Counter-Defendants").

## THE PARTIES

1.    Hyper Ice, Inc. is a California corporation with its principal place of business at 525 Technology Drive, Suite 100, Irvine, California 92618.

2.    Hyperice IP Subco, LLC is a limited liability company organized under the laws of the State of Delaware.

3.    Either itself or through its subsidiaries, parents, or other related companies, Counter-Defendants manufacture, offer to sell, and/or sell infringing

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
2121 AVENUE OF THE STARS, SUITE 2600  LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400  FAX: (310) 552-8400

products, via Amazon.com and various retail stores, to consumers in this District, throughout the State of California, and throughout the United States.

## JURISDICTION AND VENUE

4.     This is an action for patent infringement under 35 U.S.C. §§ 271 *et seq.* brought by Hyperice against Counter-Defendants for Counter-Defendants' infringement of U.S. Patent No. 11,857,482 ("the '482 Patent"), U.S. Patent No. 11,938,082 ("the '082 Patent"), and U.S. Patent No. 12,036,174 ("the '174 Patent").

5.     This Court has subject matter jurisdiction over Hyperice's claims asserted herein pursuant to 28 U.S.C. §§ 1331 and 1338(a) because those claims arise under the patent laws of the United States, 35 U.S.C. §§ 1 *et seq.*

6.     This Court has personal jurisdiction over Counter-Defendants by virtue of, *inter alia*, Counter-Defendants' conduct of business in this District; their purposeful availment of the rights and benefits of California law; their filing of this declaratory judgment suit in the District; and their substantial, continuous, and systematic contacts with the State of California and this District. On information and belief, Counter-Defendants: (1) intentionally market and sell their infringing products to residents of this State; and (2) enjoy substantial income from this State.

7.     Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) and 28 U.S.C. § 1400(b) because Counter-Defendants have committed acts of infringement in this District.

## GENERAL ALLEGATIONS

8.     The '482 Patent is entitled "Massage Device Having Variable Stroke Length" and issued on January 2, 2024, claiming priority to Application No. 14/317,573, filed on June 27, 2014, and Provisional Application No. 61/841,693, filed on July 1, 2013. A true and correct copy of the '482 Patent is attached hereto as Exhibit 1.

9.     The '082 Patent is entitled "Massage Device Having Variable Stroke Length" and issued on March 26, 2024, claiming priority to Application No.

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
2121 AVENUE OF THE STARS, SUITE 2600  LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400   FAX: (310) 552-8400

Case No. 8:24-cv-01472-JWH-DFM
DEFENDANTS' FIRST AMENDED ANSWER AND COUNTERCLAIMS TO PLAINTIFFS'
FIRST AMENDED COMPLAINT

1  14/317,573, filed on June 27, 2014, and Provisional Application No. 61/841,693,

2  filed on July 1, 2013. A true and correct copy of the '082 Patent is attached hereto

3  as Exhibit 2.

4       10.    Philip C. Danby and John Charles Danby are the named inventors of

5  the inventions disclosed in the '482 Patent and the '082 Patent. Hyperice IP Subco,

6  LLC, a wholly owned subsidiary of Hyper Ice, Inc., is the owner of the '482 Patent

7  and the '082 Patent. Hyper Ice, Inc. is the exclusive licensee that has been granted

8  the express, irrevocable right to enforce and defend the '482 Patent and the '082

9  Patent.

10       11.    The '174 Patent is entitled "Communication Devices, Methods, and

11  Systems" and issued on July 16, 2024, claiming priority to Application No.

12  18/526,980, filed on December 1, 2023, and to, *inter alia*, Provisional Application

13  No. 62/575,951, filed on October 23, 2017.  A true and correct copy of the '174

14  Patent is attached hereto as Exhibit 5.

15       12.    Matthew Robert Leaper is the named inventor of the inventions

16  disclosed in the '174 Patent.  DataFeel Inc. is the assignee of the '174 Patent, and

17  Hyper Ice, Inc. is an exclusive licensee that has been granted the express, irrevocable

18  right to, *inter alia*, sublicense, enforce, and defend the '174 Patent.

19       13.    This action arises out of Counter-Defendants' direct infringement of the

20  '482 Patent, the '082 Patent, and the '174 Patent.

21       14.    Since at least 2018, Hyperice has developed, arranged for the

22  manufacture of, offered for sale, and sold the Hypervolt line of battery-powered

23  percussive massage devices, including the Hypervolt Go 2, Hypervolt 2, and

24  Hypervolt 2 Pro, all of which are covered by one or more claims of the '482 Patent

25  and the '082 Patent.

26       15.    Counter-Defendants manufacture, offer for sale and/or sell products

27  that infringe the '482 Patent and '082 Patent, including but not limited to the models

28  listed in Counter-Defendants' First Amended Complaint (the "Infringing Products").

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
2121 AVENUE OF THE STARS, SUITE 2600  LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400   FAX: (310) 552-8400

Case No. 8:24-cv-01472-JWH-DFM
DEFENDANTS' FIRST AMENDED ANSWER AND COUNTERCLAIMS TO PLAINTIFFS'
FIRST AMENDED COMPLAINT

1    Attached hereto as Exhibits 3 and 4 are representative claim charts.

2        16.    By no later than June 28, 2024, Counter-Defendants knew of the '082

3    Patent and the '482 Patent and knew, or acted with willful, intentional, and conscious

4    disregard of the objectively high likelihood, that their conduct constitutes

5    infringement of the '082 Patent and the '482 Patent.

6        17.    Counter-Defendants manufacture, offer for sale and/or sell products

7    that infringe the '174 Patent, including but not limited to AERLANG Massage Gun

8    with Heat and Cold sold on Amazon.com as ASIN B0D44PX8QN (the "Accused

9    Products"). Attached hereto as Exhibit 6 is a representative claim chart.

10       18.    By no later than the date of this First Amended Answer and

11   Counterclaims, Counter-Defendants knew of the '174 Patent and know, or act with

12   willful, intentional, and conscious disregard of the objectively high likelihood, that

13   their conduct constitutes infringement of the '174 Patent.

## COUNT 1 – PATENT INFRINGEMENT

14

15       19.    Hyperice incorporates by reference the allegations in Paragraphs 1-18

16   above.

17       20.    Counter-Defendants have infringed and continue to infringe the '482

18   Patent under the Patent Laws of the United States, 35 U.S.C §§ 271 *et seq*. Counter-

19   Defendants offer for sale and/or sell and/or manufacture the Infringing Products at

20   issue in this case.

21       21.    Counter-Defendants infringe at least Claim 1 of the '482 Patent.

22   Counter-Defendants' Infringing Products are battery-powered percussive massagers

23   that include the following claim limitations. Hyperice believes that the Infringing

24   Products literally meet the following claim limitations. If any of the limitations are

25   not literally met, the Infringing Products meet the limitations under the doctrine of

26   equivalents, because they perform the same function in substantially the same way

27   to achieve substantially the same result, and/or because the relevant structures and

28   functions of the Infringing Products are insubstantially different from the claimed

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
2121 AVENUE OF THE STARS, SUITE 2600  LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400   FAX: (310) 552-8400

limitation:

    a.    a housing;

    b.    a piston having a proximal end and a distal end, the distal end of the piston having a substantially cylindrical bore;

    c.    a motor at least partially within the housing and operatively connected to the proximal end of the piston, wherein the motor is configured to cause the piston to reciprocate at a first speed;

    d.    a drive mechanism that controls a predetermined stroke length of the piston; and

    e.    a quick-connect system comprising the distal end of the piston and a first massaging head, wherein the quick-connect system is configured to secure the first massaging head to the percussive massager by a proximal end of the massaging head being slid into the bore while the piston reciprocates the predetermined stroke length at the first speed.

22. Counter-Defendants' infringement of the '482 Patent has caused, and will continue to cause, significant damage to Hyperice. As a result, Hyperice is entitled to an award of damages adequate to compensate it for the infringement in an amount that is in no event less than a reasonable royalty pursuant to 35 U.S.C. §284. Hyperice is also entitled to recover prejudgment interest, post-judgment interest, and costs.

23. As a result of Counter-Defendants' infringement of the '482 Patent, Hyperice has suffered irreparable harm and impairment of the value of its patent rights, and Hyperice will continue to suffer irreparable harm and impairment of the value of its patent rights, unless and until Counter-Defendants are permanently enjoined by this Court from infringing the '482 Patent under 35 U.S.C. §283. Hyperice has no adequate remedy at law and is entitled to a permanent injunction against Counter-Defendants.

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
2121 AVENUE OF THE STARS, SUITE 2600  LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400  FAX: (310) 552-8400

24.      Counter-Defendants' infringement of the '482 Patent has been and continues to be willful.  As noted above, Counter-Defendants have had knowledge of the '482 Patent and know, or act with willful, intentional, and conscious disregard of the objectively high likelihood, that their conduct constitutes infringement of the '482 Patent.   Nevertheless, Counter-Defendants continue to infringe the '482 Patent—wanton, malicious, and egregious conduct that constitutes willful infringement under 35 U.S.C. §284, entitling Hyperice to enhanced damages.

## <u>COUNT 2 – PATENT INFRINGEMENT</u>

25.      Hyperice incorporates by reference the allegations in Paragraphs 1-18 above.

26.      Counter-Defendants have infringed and continue to infringe the '082 Patent under the Patent Laws of the United States, 35 U.S.C §§ 271 *et seq*. Counter-Defendants offer for sale and/or sell and/or manufacture the Infringing Products at issue in this case.

27.      Counter-Defendants infringe at least Claim 1 of the '082 Patent. Counter-Defendants offer for sale and/or sell and/or manufacture the Infringing Products, which are battery-powered percussive massagers that include the following claim limitations. Hyperice believes that the Infringing Products literally meet the following claim limitations. If any of the limitations are not literally met, the Infringing Products meet the limitations under the doctrine of equivalents, because they perform the same function in substantially the same way to achieve substantially the same result, and/or because the relevant structures and functions of the Infringing Products are insubstantially different from the claimed limitation.

　　　　a.      a housing;

　　　　b.      a piston having a proximal end and a distal end, the distal end of the piston having a bore;

　　　　c.      a motor operatively connected to the proximal end of the piston, wherein the motor is configured to cause the piston to reciprocate at a first

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
2121 AVENUE OF THE STARS, SUITE 2600  LOS ANGELES, CALIFORNIA 90067
TEL (310) 552-4400   FAX (310) 552-8400

Case No. 8:24-cv-01472-JWH-DFM
DEFENDANTS' FIRST AMENDED ANSWER AND COUNTERCLAIMS TO PLAINTIFFS'
FIRST AMENDED COMPLAINT

speed;

    d.    a drive mechanism that controls a predetermined stroke length of the piston; and

    e.    a quick-connect system comprising the distal end of the piston and a first massaging head, wherein the quick-connect system is configured to have a proximal end of the first massaging head inserted into or removed from the bore while the piston reciprocates the predetermined stroke length at the first speed.

28.    Counter-Defendants' infringement of the '082 Patent has caused, and will continue to cause, significant damage to Hyperice. As a result, Hyperice is entitled to an award of damages adequate to compensate it for the infringement in an amount that is in no event less than a reasonable royalty pursuant to 35 U.S.C. §284. Hyperice is also entitled to recover prejudgment interest, post-judgment interest, and costs.

29.    As a result of Counter-Defendants' infringement of the '082 Patent, Hyperice has suffered irreparable harm and impairment of the value of its patent rights, and Hyperice will continue to suffer irreparable harm and impairment of the value of its patent rights, unless and until Counter-Defendants are permanently enjoined by this Court from infringing the '082 Patent under 35 U.S.C. §283. Hyperice has no adequate remedy at law and is entitled to a permanent injunction against Counter-Defendants.

30.    Counter-Defendants' infringement of the '082 Patent has been and continues to be willful. As noted above, Counter-Defendants have had knowledge of the '082 Patent and know, or act with willful, intentional, and conscious disregard of the objectively high likelihood, that their conduct constitutes infringement of the '082 Patent. Nevertheless, Counter-Defendants continue to infringe the '082 Patent—wanton, malicious, and egregious conduct that constitutes willful infringement under 35 U.S.C. §284, entitling Hyperice to enhanced damages.

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
2121 AVENUE OF THE STARS, SUITE 2600  LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400  FAX: (310) 552-8400

## COUNT 3 – PATENT INFRINGEMENT

31.    Hyperice incorporates by reference the allegations in Paragraphs 1-18 above.

32.    Counter-Defendants have infringed and continue to infringe the '174 Patent under the Patent Laws of the United States, 35 U.S.C §§ 271 *et seq*. Defendant offers for sale and/or sells the Accused Products.

33.    Counter-Defendants infringe at least Claim 17 of the '174 Patent.  The Accused Products are battery-powered devices that include the following claim limitations.  Hyperice believes that the Accused Products literally meet the following claim limitations.  If any of the limitations are not literally met, the Accused Products meet the limitations under the doctrine of equivalents, because they perform the same function in substantially the same way to achieve substantially the same result, and/or because the relevant structures and functions of the Accused Products are insubstantially different from the claimed limitation:

A treatment device, comprising:

a.    a body provided with a power source and a processing unit configured to receive input data and generate a control signal based on the input data, the body including a skin contacting surface maintainable against skin of a user by a force applied by a hand of the user when gripping the body; and

b.    a first energy generator element and a second energy generator element coupled to the body, the first and second energy generator elements being independently operable to convert electricity from the power source into a first energy type and a second energy type, respectively, and direct the first and second energy types toward an area of skin, the first energy generator element including an impact generator element having a tissue contact surface that is linearly actuatable along an axis to contact

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
2121 AVENUE OF THE STARS, SUITE 2600  LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400  FAX: (310) 552-8400

and cause corresponding physical movement of the area of skin;

    c.    wherein the processing unit is operable to output an optical signal on a display that is observable by eyes of the user, the output corresponding to the control signal.

17. Counter-Defendants' infringement of the '174 Patent has caused, and will continue to cause, significant damage to Hyperice. As a result, Hyperice is entitled to an award of damages adequate to compensate it for the infringement in an amount that is in no event less than a reasonable royalty pursuant to 35 U.S.C. §284. Hyperice is also entitled to recover prejudgment interest, post-judgment interest, and costs.

18. As a result of Counter-Defendants' infringement of the '174 Patent, Hyperice has suffered irreparable harm and impairment of the value of its patent rights, and Hyperice will continue to suffer irreparable harm and impairment of the value of its patent rights, unless and until Counter-Defendants are permanently enjoined by this Court from infringing the '174 Patent under 35 U.S.C. §283. Hyperice has no adequate remedy at law and is entitled to a permanent injunction against Counter-Defendants.

19. Counter-Defendants' infringement of the '174 Patent has been and continues to be willful. As noted above, Counter-Defendants have knowledge of the '174 Patent and know, or act with willful, intentional, and conscious disregard of the objectively high likelihood, that their conduct constitutes infringement of the '174 Patent. Nevertheless, Counter-Defendants continue to infringe the '174 Patent— wanton, malicious, and egregious conduct that constitutes willful infringement under 35 U.S.C. §284, entitling Hyperice to enhanced damages.

## **PRAYER FOR RELIEF**

WHEREFORE, Hyperice respectfully pray that this Court grant the following relief:

    A.    Enter judgment that Plaintiffs are not entitled to any of the relief

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
2121 AVENUE OF THE STARS, SUITE 2600  LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400  FAX: (310) 552-8400

1    requested in their First Amended Complaint;

2    B.    Enter judgment in favor of Hyperice and against Plaintiffs on all claims
3          and grant the relief sought in Hyperice's Answer to First Amended
4          Complaint and Hyperice's Counterclaim;

5    C.    Enter judgment that the claims of the '482 Patent, the '082 Patent, and
6          the '174 Patent are valid and enforceable;

7    D.    Enter judgment that Counter-Defendants have infringed the '482
8          Patent, the '082 Patent, and the '174 Patent;

9    E.    Enter a permanent injunction against Counter-Defendants from
10         infringing the '482 Patent, the '082 Patent, and the '174 Patent;

11   F.    Award Hyperice compensatory damages for infringement of the '482
12         Patent, the '082 Patent, and the '174 Patent;

13   G.    Find that this is an exceptional case under 35 U.S.C. § 285 and award
14         Hyperice its reasonable attorney fees and costs;

15   H.    Award Hyperice prejudgment and post-judgment interest; and

16   I.    Award Hyperice any and all other relief that the Court deems just and
17         proper.

## **JURY DEMAND**

19   Hyperice hereby demand a trial by jury of all issues so triable.

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
2121 AVENUE OF THE STARS, SUITE 2600   LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400   FAX: (310) 552-8400

1  DATED:  October 30, 2024

2

3

4  By: _____

5  BENJAMIN A. HERBERT

6  MILLER BARONDESS, LLP

7  LAWRENCE ROBERT LAPORTE
   LEWIS BRISBOIS BISGAARD and
8  SMITH LLP

9

10  Attorneys for Defendants HYPER ICE,
    INC. and HYPERICE IP SUBCO, LLC

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
2121 AVENUE OF THE STARS, SUITE 2600  LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400   FAX: (310) 552-8400

Case No. 8:24-cv-01472-JWH-DFM
DEFENDANTS' FIRST AMENDED ANSWER AND COUNTERCLAIMS TO PLAINTIFFS'
FIRST AMENDED COMPLAINT